CANSADA BAILEY ET AL. v. STATE HIGHWAY & PUBLIC WORKS COMMISSION.

(Filed 9 March, 1949.)

**Eminent Domain §§ 21c, 21½ a: Husband and Wife § 6: Reformation of Instruments § 13—**

At the time respondent entered upon the land, registered title thereto was in the name of husband and wife. The husband executed a release for all damages by reason of the taking of a right of way by respondent. The release and right of way agreement was not registered. Thereafter the deed to the husband and wife was reformed by judgment striking out the name of the husband and declaring the wife the sole owner of the land. *Held:* The sole interest of the husband in the land originally and at the time of signing the release was that of tenant by the curtesy initiate, and the release signed by him does not bar the wife's action for compensation.

APPEAL by petitioners from *Moore, J.,* Special November-December Term, 1948, of YANCEY.

Special proceeding under G.S. 136-19 and G.S. 40-12 to recover compensation for right of way taken by respondent over lands of *feme* petitioner in the construction of Highway No. 197 in Yancey County.

On petition and answer duly filed, appraisers were appointed to estimate the damages sustained by the petitioner by reason of the construction of the highway in question, and they assessed the damages at $4,200, less special benefits of $1,000.

Prior to entering upon the land, the respondent had obtained from D. C. Bailey, husband of the petitioner, a release for "all claims for damage by reason of the right of way for the said project across the lands of the undersigned." This release was pleaded by the respondent in bar of petitioner's right to recover herein. D. C. Bailey was made a nominal petitioner because C.S. 454, which authorizes a married woman to sue in

her own name, seems not to have been brought forward in the General Statutes.

The appraisers filed their report on 20 April, 1948. Ten days thereafter, the respondent filed exceptions to the report and contended, first, that the cause was improvidently instituted before the Clerk who was without jurisdiction in the premises, and, second, that the damages awarded were grossly excessive and not justified by the facts.

After due notice for hearing and determination of exceptions to the report of the appraisers the Clerk overruled the exceptions and awarded judgment for the petitioner in the sum of $3,200.

From this judgment and award, the respondent appealed to the Superior Court of Yancey County, where judgment was entered dismissing the proceeding.

From this latter ruling, the petitioners appeal, assigning errors.

*J. Frank Huskins and W. E. Anglin for petitioners, appellants.*
*R. Brookes Peters, Jr., and Fouts & Watson for respondent, appellee.*

STACY, C. J. When the case was called for hearing in the Superior Court, a jury trial was waived, and the "matters and things involved in the proceeding" were, by consent, submitted to the court for hearing and determination.

It was made to appear that on 31 January, 1920, the property was conveyed to D. C. Bailey and wife, Cansada Bailey, by deed duly registered in Yancey County. This was the condition of the title on 14 May, 1941, when D. C. Bailey executed right-of-way agreement and release to the respondent which is pleaded in bar of petitioners' right to recover herein, and on 28 May, 1947, when the respondent entered upon the premises and appropriated a right-of-way across the land in question. The right-of-way agreement and release has not been registered.

Thereafter, on 14 November, 1947, the *feme* petitioner instituted an action against her husband to reform the deed of 31 January, 1920, and to have herself declared the sole owner of the land therein conveyed, it being alleged that the entire consideration came from her separate estate and that the name of her husband was inserted in the deed through mistake and inadvertence of the draftsman. There was a verdict for the petitioner, establishing the facts as alleged, and judgment was entered thereon at the January Term, 1948, Yancey Superior Court, reforming the deed in accordance with the prayer of the complaint.

Notwithstanding the judgment of reformation, it was ruled herein that at the time of the release signed by D. C. Bailey, the lands were held by him and the *feme* petitioner as husband and wife by the entirety, and that his release constituted a bar to the present proceeding. *Dorsey v.*

*Kirkland,* 177 N.C. 520, 99 S.E. 407. This holding overlooks the verdict and judgment in the reformation suit in which it was found that the name of D. C. Bailey was inserted in the deed by mistake and inadvertence. *Sills v. Ford,* 171 N.C. 733, 88 S.E. 636. Hence, his only interest in the land originally and at the time of signing the release was that of tenant by the curtesy initiate.

It follows that there was error in dismissing the proceeding.

Error and remanded.