THOS. D. WINCHESTER v. A. S. GADDY.

A purchaser of property exempt from execution under the Homestead
   Act, cannot be held liable as *Executor de son tort*; and an assignment
   of such property by a debtor without valuable consideration is not
   therefore fraudulent.


CIVIL ACTION against the defendant as *executor de son tort*,
tried before *Buxton, J.*, at the Spring Term 1874, of UNION
Superior Court.

The plaintiff commenced his suit in a Justices' Court upon
a note for $131.85, dated 5th January, 1859, and payable with
interest, which note was signed by Elizabeth Gaddy now de-
ceased.  He recovered a judgment before the Justice and a
jury, whereupon the defendant appealed to the Superior Court.

On the trial in the court below, it was conceded that the
plaintiff was the owner of this note and that it was justly due
for value received, from Elizabeth Gaddy ; that she died intes_
tate in Union county, where she had lived in November, 1871,
and that no administration had ever been taken out on the
estate she left.

The object of the present action is to change the defendant
as executor *de son tort*, to the extent of the plaintiff's debt,

upon the ground of his having appropriated property of the deceased to a value greater than the debt.

The defendant claimed that the deceased, who was his mother, was largely indebted to him, and that the year before she died she transferred to him all her property in settlement of the debt.

It was in evidence that the defendant was a young man, unmarried and lived with his mother and a single sister. On returning from the army in 1865, he took charge of the farm, managed everything, worked as a hand and supported the family, getting his own support, but no wages, his mother telling him to take his pay out of the crop, which however he did not do. He had some little means of his own, out of which he paid some of his mother's debts and loaned her some money. She was a widow and had a life estate in the plantation. In 1870, apprehending that she was about to be pressed upon some old *ante* war debts, among them that due the plaintiff, she transferred all her personal property to the defendant, consisting of a mule, oxen and cart, cows, sheep, hogs, furniture, corn, wheat, cotton, &c., under the following arrangement, as she informed a witness. That she had sold all her property to Alfred, the defendant; that the property she had, she did not consider would more than pay him for taking care of her and for the money she had borrowed of him and for that he had paid for her. That she could not live long, and she desired that her son should keep the property at the same place for her support while she lived; that she expected to be pushed for her old debts, among others by the plaintiff; that she could not pay her old debts and pay Alfred and live, and that she felt it to be her duty to pay her son first, as he had been taking care of her; that she would try to pay her old debts afterwards if she could.

The following issues were framed under the direction of the court and submitted to the jury, who found in response thereto:

1. That the transfer of her property by Elizabeth Gaddy to her son, the defendant, was fraudulent, and that the property

was worth $440.  2. That Elizabeth Gaddy was indebted to her son, at the time of her death in the sum of $1028.  3. And that he had paid for her debts to the amount of $13.21.

Upon this finding of the jury, the plaintiff moved for judgment for the amount of his debt, insisting that by their verdict, the jury had found that the defendant was executor *de son tort* of the estate of Elizabeth Gaddy, and as such had assets to an amount of $440.

The defendant opposed the motion upon the following grounds: 1. That his Honor had erred in charging the jury, that the transfer was fraudulent, as a matter of law.  2. That fraud, even if intended, could not have been committed against the estate of Elizabeth Gaddy, she being entitled under the Constitution and laws to a personal property exemption of the value of $500, whereas, the property transferred was only worth $440.  3. That the conveyance, if fraudulent, could only be attacked by the plaintiff, after he had reduced debt to judgment.  4. That according to the Rev. Code, chap. 46, sec. 41, (Bat. Rev. chap. 45, sec. 67,) the defendant could only be chargeable as executor *de son tort*, in respect to goods coming to his hands, the value whereof exceeded the indebtedness of the intestate to him ; and inasmuch, by the verdict of a jury, it was established that the indebtedness of the intestate to him was largely in excess of the value of the property, that for these reasons he was entitled to be discharged from any liability to the plaintiff.

His Honor, upon consideration after argument, rendered judgment against the plaintiff for costs.  From which judgment the plaintiff appealed.

*Battle & Son*, for appellant.
No counsel in this Court, *contra.*

READE J. A conveyance of property by a debtor for his own ease and favor, whereby creditors are delayed or hindered, is fraudulent and void ; and that, even when the conveyance is

made for a valuable consideration, or to pay or secure a *bona fide* debt. But a manifest qualification of this rule is, that the property must be such as the creditor has the right to subject to the payment of his debt.

If a debtor sells his "wearing apparel, Bible and hymn book, loom," &c., which are exempt from execution for debt, no matter how or for what purpose he makes the sale, his creditors cannot complain ; because under no circumstances can the creditor subject that property to the payment of his debt. He cannot therefore be defrauded.

So in our case, let it be conceded that the mother of the defendant sold her property to him for her own ease and favor and without valuable consideration, yet the plaintiff who is her creditor, cannot complain, because the property was worth only $440 ; and she was entitled to have exempted from execution $500 worth, if she had so much. So that he was not entitled to subject her property to the payment of his debt.

It is true that if she had died without having sold it, he would have been entitled to have it applied to his debt in whole or in part as the case might be, but she did sell it to the defendant in such manner as to divest the title out of her, in satisfaction of a debt which she owed the defendant, of more than $1,000.

This view of the case makes it unnecessary for us to decide the point made by the plaintiff, that the defendant as executor *de son tort* has no right to retain for his own debt.

The property is not in his hands as executor *de son tort*, but as his own. There is no error.

PER CURIAM. Judgment reversed.