L. A. BRISTOL. Assignee, v. J. H. & R. J. HALLYBURTON.

*Execution—Injunction—Contingent Remainder.*

1. A court of equity will not interfere by injunction to stay an execution regularly issued upon a judgment at law, because the sheriff has levied on property not the subject of sale under execution, or because the property belongs to another than the judgment debtor, except where the property levied on is personal property, and the sheriff and plaintiff are both insolvent.

2. A vested remainder may be sold under execution, but a contingent remainder cannot.

3. A sale under an execution issued upon a judgment which is a lien on all the debtor's property, vests in the purchaser only the interest of the debtor at the time the judgment lien attaches, and if the debtor has no interest subject to sale under execution, the purchaser gets nothing.

4. So, where a judgment debtor applied for an injunction to restrain the sheriff from selling a contingent interest in land, which was not liable to be sold under execution; *It was held*, that the injunction should have been refused.

(*Watson* v *Dodd*, 68 N. C., 528; *Whitehurst* v. *Green*, 69 N. C., 131, cited and approved).

CIVIL ACTION tried before *Avery, Judge,* at August Term, 1885, of the Superior Court of BURKE County.

This was an application based upon the affidavits of the defendants, to enjoin the sheriff of Burke county from selling the interest of the defendants in a certain tract of land in the county of Burke, and described in their affidavit.

It was alleged that the plaintiff Bristol had obtained a judgment against the defendants at the August Term, 1867, of Burke Superior Court, and issued an execution thereon on the 11th day of May, 1885, to the sheriff of Burke county, who had levied the execution upon the interest of the affiants in the said described lands, and had made thereon the following return :

"For want of goods and chattels, I, J. A. Lackey, sheriff of Burke county, have this day levied this execution on the interest of the defendant R. J. Hallyburton, in a tract of land devised by Jacob Hanshaw, deceased, to Elizabeth Hallyburton and her children,

the interest of the defendant therein being a vested remainder
therein as one of the children of the said Elizabeth Hallyburton,
as by reference to the will of said Jacob Hanshaw, will more
fully appear. This 30th June, 1885.

(Signed), J. A. LACKEY, *Sheriff.*"

Affiant further states that the land was advertised by the sher-
iff for sale under said execution on the 10th day of August,
1885, and will be sold unless the plaintiff and sheriff are re-
strained by order of the Court.

He alleges that his interest is derived from the will of his
grandfather, Jacob Hanshaw, who devised the land to his mother,
Elizabeth Hallyburton, "for the term of her natural life, and, at
her death, to go to and be enjoyed by her children, to them and
their heirs forever," and that he is advised by counsel that his
interest in the land is only a contingent remainder, which is not
the subject of a sale under execution, and if his interest should
be sold, it would work an irreparable injury to him, &c.

The plaintiff answered the affidavit of the defendant and ad-
mitted the facts set forth therein, but denied, as he was advised,
that the will of Jacob Hanshaw was susceptible of the construc-
tion put upon it by the defendant, and contended that the inter-
est of the defendant was a vested remainder, liable to be sold
under execution. There was a restraining order issued in the
case by AVERY, Judge, at Chambers, August 7th, 1885, and on
motion to show cause, on the 20th day of August, 1885, at the
Fall Term of Burke Superior Court, the cause coming on to be
heard before AVERY, Judge, on motion of plaintiff's counsel to
vacate the restraining order theretofore granted; after argument
and after admission by counsel on both sides, that the defendants
and other children of Elizabeth Hallyburton were *in esse* at the
death of Jacob Hanshaw, their grandfather, it was, on motion of
counsel of defendants, adjudged that said motion be refused, and
that the plaintiff be perpetually restrained and enjoined from
selling the land levied on and described in the affidavit of defend-

ants, or any interest therein, by virtue of the execution issued in this case, and that the defendants recover their costs of this injunction. From this judgment the plaintiff appealed.

*Mr. E. C. Smith,* for the plaintiff.
*Mr. J. T. Perkins,* for the defendants.

ASHE, J., (after stating the facts). The appeal in this case is taken from an order of the Judge at Chambers making perpetual an injunction, upon the hearing of a motion by the appellant to dissolve the same.

Upon a review of the record presented to us, and upon consideration of the ruling of his Honor, we think he erred in refusing to dissolve the injunction. The application to stay the execution, regularly issued upon a judgment at law, because the sheriff has levied upon property not subject to the execution, or because the property belong to another than the defendant in the judgment, is a procedure unknown to our practice. There may be cases where personal property is levied upon and about to be sold, and the plaintiff and sheriff are insolvent, that the restraining power of a Court of Equity may be invoked to prevent an irreparable injury. But as land cannot, like personal property, be removed, there cannot be the same reason for the interference of a Court of Equity.

We cannot see how the sale of the land, although it may not be the subject of sale under execution, can work an irreparable injury to the defendant in the execution; for the sale and sheriff's deed has no other effect than to pass such interest as the defendant had, at the time of the sale, subject to execution. A vested remainder may be sold under execution, but a contingent remainder cannot. If then the affiant in this case has a vested remainder, it may be sold, but if his interest is a contingent remainder it cannot; and not being the subject of execution, the sheriff's deed would pass nothing, and when the remainder should fall in after the sale upon the happening of the contingency, the re-

mainderman would hold the land, the same as if there had been no sale. *Watson* v. *Dodd*, 68 N. C., 528.

That was a case where an action was brought to subject the interest of the defendant in a tract of land to the payment of the plaintiff's judgment, and the interest of the defendant was a contingent remainder. It was held that "such contingent interest not being assignable at law, it follows as a matter of course that it cannot be sold under execution." And PEARSON, Chief Justice, speaking for the Court, said, "the action is of the first impression. No authority was cited in support of the position, and we presume the diligent counsel of the plaintiff was unable to find a case in which the power was ever exercised."

A sale under an execution upon a judgment which is a general lien on all the property of the debtor, vests only the interest of the debtor at the time the judgment lien attaches, or such as the debtor might have conveyed by a suitable instrument for a valuable consideration. It is limited to, and can rise no higher than that of debtor; a stream cannot rise higher than its fountain. A purchaser under an execution takes all that belongs to the debtor, and nothing more. Herman on Executions, §360. If he has no interest subject to execution, of course nothing passes by a sale, and no injury can result to the affiant, except, perhaps, to expose him to an action at law to recover the land, if he should be in possession when the remainder falls in, or to the necessity of bringing an action if the purchaser should get into possession. But that is the only and proper procedure for settling the question of title involved in this proceeding. It cannot be done in this novel and summary way. It has no sanction in practice or authority.

Courts of equity have always been cautious in interfering with judgments at law; thus it is held that when courts of law afford ample and sufficient remedy for such grievances as may arise in the enforcement of judgments, equity will not interfere—High on Injunctions, §98—and in *Whitehurst* v. *Green*, 69 N. C., 131, in the opinion by PEARSON, Chief Justice, this Court held that

"a perpetual injunction against issuing an execution on a judgment at law, granted upon a *motion* and *affidavit*, is erroneous. It is not in accordance with any allowable mode of proceeding under the old system or the new."

Our conclusion is there was error in the ruling of the Judge of the Superior Court in refusing to vacate the restraining order, and in granting a perpetual injunction. Let this be certified to the Superior Court of Burke county.

Error.                                                                 Reversed.