BANK OF GREENVILLE v. GEORGE GORNTO.

(Filed 26 February, 1913.)

1. **Estates—Entireties—Husband and Wife—Privy Examination.**
    A lease of lands for ten years by a husband and wife, which is held by them in entireties, without the privy examination of the wife, is void as to the latter.

2. **Estates—Entireties—Common Law—Lessor and Lessee.**
    Estates held by husband and wife by entireties possess the same properties and incidents as at common law, and while neither may convey them so as to defeat the right of the survivor to the whole, the husband alone may lease them during their joint lives, or until the death of his wife.

3. **Same—Constitutional Law.**
    The properties and incidents to estates held in entirety by husband and wife are not changed or affected by Article X, sec. 6, of our State Constitution as to the rights of married women.

4. **Lessor and Lessee—Leases—Renewals—Covenants—Deeds and Conveyances—Registration—Notice.**
    The renewal clause of a lease of lands for two years, "with the privilege of ten years thereafter on the same terms," is

sufficient in form and a valid part of the lease, and a covenant running with the land, and when duly recorded is binding upon the grantee, who takes with notice.

**5 Lessor and Lessee—Leases—Renewals—Covenants—Effect.**
   Covenants in a lease of lands with privilege to the lessee to renew are binding upon the legal successors of the lessee as well as those of the lessor.

APPEAL from *Cline, J.,* at December Term, 1912, of PITT.

Civil action. The action is brought to recover possession of a lot and building conveyed by J. A. Brady and wife, Georgia, to plaintiff on 29 April, 1912, by deed recorded 6 May, 1912. The lot was leased 8 January, 1910, by Brady and wife to Gornto for two years, commencing 1 February, 1910, "with the privilege of ten years thereafter, on the same terms," etc., recorded 2 April, 1912. The privy examination of Mrs. Brady was never taken to the lease. All the conditions of the lease have been complied with by the lessee and he has given due notice in apt time that he will continue the lease for ten years.

It is admitted that the property was conveyed by a deed to Brady and his wife and that they hold an estate by entireties.

His Honor rendered judgment for defendant, and the plaintiff appealed.

*Jarvis & Blow and Harding & Pierce for plaintiff.*
*Harry Skinner and Albion Dunn for defendant.*

BROWN, J. The principal question presented by this appeal is the validity of the lease for ten years made by Brady to defendant without the privy examination of Brady's wife. As to her, of course, the lease is void.

As Brady and his wife held, not as tenants in common or joint tenants, but by entireties, their rights must be determined by the rules of the common law, according to which the possession of the property during their joint lives rests in the husband, as it does when the wife is sole seized. Neither can convey during their joint lives so as to bind the other, or defeat the right of the survivor to the whole estate.

Subject to the limitation above named, the husband has the same rights in it which are incident to his own property.

By the overwhelming weight of authority the husband has the right to lease the property so conveyed to him and his wife, which lease will be good against the wife during coverture and will fail only in the event of her surviving him. *Pray v. Stebbin,* 141 Mass., 219; 15 Am. and Eng., 849; *Washburn v. Burns,* 5 Vroom, 18; *Barber v. Harris,* 15 Wend., 615; *Jackson v. McConnell,* 19 Wend., 175; *Fairchild v. Chastelleux,* 44 Am. Dec., 117; *Pollock v. Kelly,* 6 Ir. C. L., 367-375; *Godfrey v. Bryan,* 14 Ch. Div., 516.

In this State our decisions have long since been settled in accordance with the common law. *Topping v. Saddler,* 50 N. C., 359; *Simonton v. Cornelius,* 98 N. C., 437; *Bruce v. Nicholson,* 109 N. C., 204; *West v. R. R.,* 140 N. C., 621; *Bynum v. Wicker,* 141 N. C., 96.

In this last named case it is said: "This estate by entirety is an anomaly, and it is perhaps an oversight that the Legislature has not changed it into a cotenancy, as has been done in so many States. This not having been done, it still possesses here the same properties and incidents as at common law."

The properties and incidents of this estate are not changed or affected by Article X, sec. 6, of our State Constitution as to rights of married women. *Long v. Barnes,* 87 N. C., 333.

It is contended that the ten-year extension clause is void and cannot be enforced against the plaintiff. The lease being valid during the lessor's life, the plaintiff occupies no better position than he. It was duly recorded prior to the conveyance to plaintiff, thereby giving full notice, by which plaintiff is bound. It is admitted that defendant gave due notice of his intention to exercise the privilege of renewal for ten years and also continued in possession, and it appears that the lessor Brady acknowledged defendant's right to do so.

We think the renewal clause sufficient in form and a valid part of the lease. *Barber v. Greenburg,* 144 N. C., 432. In this case the lease was for three years, "with the privilege of three years more."

Covenants to renew are not personal. They run with the land, and are binding upon the legal successors of the lessee as

well as the lessor. They are entitled to the benefits and are burdened with the obligations which such covenants confer on the original parties. 24 Cyc., 996.

The judgment is

Affirmed.