A. T. DORSEY v. J. W. KIRKLAND.

(Filed 27 May, 1919.)

1. **Process—Summons—Term—Statutes.**

   A summons in an action is valid though issued during a term of court, under Revisal, secs. 434 *et seq.*

2. **Deeds and Conveyances—Contracts—Consideration—Agreement to Buy—Flumes.**

   A deed to the right to construct and maintain a flume over the grantor's land is upon a sufficient consideration when made for one dollar and the purchase by the grantee of all wood pulp and acid wood, at three dollars per cord, the grantor would deliver, during its operation, within fifteen feet of the flume.

3. **Appeal and Error—Record—Deeds and Conveyances—Probate.**

   The Supreme Court will not pass upon the sufficiency of the probate to a deed, under the requirement of Revisal, sec. 998, the validity of which is called in question, when it has not been made to appear in the record on appeal.

4. **Husband and Wife — Estates — Entireties — Common Law — Husband's Rights—Statutes—Mortgages—Leases—Deeds and Conveyances.**

   The common-law doctrine of survivorship between husband and wife, where lands have been devised to them in entireties, has not been changed by statute and applies in the courts of this State, and thereunder the husband has the right of possession and management and to mortgage or lease the same to the extent that he may not impair the wife's title when or in the event she survives him. Therefore a deed by the husband of the right to construct and maintain a flume across the lands for the grantee's purpose of floating logs until a certain plot of timber had been cut by him or removed from lands beyond is valid and enforcible during its continuance without the joinder of the wife, who, with the husband, is still alive.

APPEAL by defendant from *McElroy, J.,* 8 April, 1919, from SWAIN.

This is an action to perpetually enjoin the defendant from interfering with the operation of plaintiff's flume, which extended for about fifty feet across defendant's land.

Plaintiff secured a temporary injunction from Judge McElroy, and upon the hearing upon the notice to show cause why the injunction should not be continued to the hearing, the said temporary order was continued to the hearing and the facts found by his Honor. Defendant thereupon excepted and appealed to the Supreme Court.

In the year 1915 the plaintiff, A. T. Dorsey, purchased a tract of timber land, containing about 1,700 acres, situated on Chambers Creek in Swain County, and lying from three to six miles from the nearest railroad point, for the purpose of conducting a lumbering operation. Immediately after the purchase of the tract the plaintiff negotiated with the several landowners holding property between the tract pur-

chased and the railroad for the purchase of a right of way extending from said timber tract to the railroad, as a location for a flume line over which to transport his lumber, pulp and acid wood to the railroad for shipment.

In August, 1915, plaintiff purchased from J. W. Kirkland, defendant, and his wife a right of way over two small tracts of land owned by them for the consideration of one ($1) dollar, and the further consideration that the plaintiff would purchase their pulp and acid wood placed on the flume line at $3 per cord.

At the time this deed was executed it was not acknowledged or placed to record, but was delivered to the plaintiff, who kept it among his papers until after the institution of this action. On 15 March, 1919, the plaintiff procured said conveyance to be proven upon the oath and examination of George Chambers, as to the signature of defendant J. W. Kirkland, and said paper was thereupon registered on 17 March, 1919.

Immediately after securing said deed, in the year 1915, plaintiff constructed a flume over said land and has been, ever since said date, continuously using the same for the purpose of transporting his lumber and other timber products from his mills to the railroad, without objection or complaint of defendant or his wife.

At the date of the institution of this action the plaintiff was conducting said lumbering operation, and that said operation will continue for a space of about two years before all of the plaintiff's timber is removed. The plaintiff's flume is about five miles in length and the portion of said flume upon defendant's land is a stretch of not more than fifty feet across the corner of said tracts.

Just prior to the institution of this action the plaintiff procured a warrant to be issued against the defendant Kirkland charging him with larceny of lumber from said flume as same was being transported across his land, the defendant being bound to court thereon, and thereafter the portion of the flume crossing the defendant's land fell down, and when plaintiff's hands undertook to repair same they were met by the defendant, who forbid them to go upon the property, and the plaintiff instituted this action.

The defendant acquired title to one of the tracts of land on which the flume is located under a deed which conveyed the land to the defendant and his wife, both of whom are now living, and the deed to the plaintiff, conveying the right of way, was executed by the husband alone, and contains this provision:

"It is further understood and agreed and is a part of this conveyance that the said strip or parcel of land herein conveyed shall revert back and become the property of the parties of the first part, their heirs and

assigns, without reconveyance whenever the said party of the second part shall cease to use the same for flume line purposes, and such failure shall extend for a period of twelve consecutive months."

The defendant contends:

1. That the action ought to be dismissed because the summons was issued during a term of court.

2. That there is no consideration to support the deed under which the plaintiff claims.

3. That the deed to plaintiff was improperly probated and ought not to have been admitted in evidence.

4. That the right of way could not be acquired except by deed, and as the defendant and his wife held an estate by entireties, the deed of the husband alone to the plaintiff passed nothing.

*S. W. Black attorney for plaintiff.*
*Frye & Frye attorneys for defendant.*

ALLEN, J. The first three objections of the defendant may be disposed of with but little discussion. There is no limitation in the statutes as to the time of issuing a summons, and there is no analogy between the performance of this duty and the *taking* of a deposition, as the defendant contends, which cannot be taken except by consent, during a term for the trial of the action, because the party cannot be before the court and the commissioner at the same time. The summons may issue at any time, but the return day is dependent on the time of service. Rev., sec. 434 *et seq.*

The deed appears on its face to have been made on a valuable consideration as it recites as a part of the consideration the agreement on the part of the plaintiff to purchase all the pulp and acid wood the defendant would deliver within fifteen feet of the flume at $3 per cord, and the record shows that the plaintiff has not only performed his agreement, but has gone further and has paid the defendant as much as $6 per cord. *Institute v. Mebane,* 165 N. C., 650.

The probate of the deed to the plaintiff is not in the record, and as it is not before us we cannot pass on its sufficiency, but if it is correctly copied in the plaintiff's brief, which we do not understand the defendant to deny, it conforms to the requirements of the Rev., sec. 998.

This brings us to the principal question debated by counsel, and that is as to the legal effect of the deed of the husband without the joinder of the wife.

The deed, under which the defendant claims, having been made to him and his wife, they took an estate by entirety, which carried with it the right of survivorship, and neither acting alone could by deed

destroy this right or affect the estate of the other (*Freeman v. Belfer,* 173 N. C., 581), but while this is so, during the joint lives of the husband and wife, the husband is entitled to the control and use of the land as his own property.

In *West v. R. R.,* 140 N. C., 620, *Chief Justice,* delivering the opinion, quotes with approval from 15 A. & E. Ency., 849, as follows:

"But while at common law neither the husband nor the wife can deal with the estate apart from the other, or has any interest which can be subjected by creditors so as to effect the right of the survivor, yet subject to this limitation the husband has the right in it, which is incident to his own property. He is entitled during the coverture to the full control and usufruct of the land to the exclusion of the wife."

In *Bynum v. Wicker,* 141 N. C., 96, a mortgage executed by the husband alone was sustained, the Court saying, "This estate by entirety is an anomaly and it is perhaps an oversight that the Legislature has not changed it into a cotenancy, as has been done in so many States. This not having been done, it still possesses here the same properties and incidents as at common law. *Long v. Barnes,* 87 N. C., 333. At common law, 'the fruits accruing during their joint lives would belong to the husband' (*Simonton v. Cornelius,* 98 N. C., 437), hence the husband could mortgage or convey it during the term of their joint lives, that is, the right to receive the rents and profits; but neither could encumber it so as to destroy the right of the other, if survivor, to receive the land itself unimpaired," and in *Greenville v. Gornto,* 161 N. C., 342, a lease for ten years made by the husband was held to be valid, and the Court said of the nature of the estate and the rights and powers of the husband during the life of the wife:

"As Brady and his wife held, not as tenants in common or joint tenants, but by entireties, their rights must be determined by the rules of the common law, according to which the possession of the property during their joint lives rests in the husband, as it does when the wife is *sole seized.* Neither can convey during their joint lives so as to bind the other or defeat the right of the survivor to the whole estate.

"Subject to the limitation above named, the husband has the same rights in it which are incident to his own property.

"By the overwhelming weight of authority the husband has the right to lease the property so conveyed to him and his wife, which lease will be good against the wife during coverture and will fail only in the event of her surviving him."

If, as appears from these authorities, the husband has the control and use of the property during the life of his wife, and may deal with it as his own, and if he may execute a valid mortgage or a lease for

ten years, we see no reason for refusing to uphold his deed, subject to the limitation that all rights thereunder will cease upon his dying before his wife.

Affirmed.