REX LEWIS v. J. R. PATE AND WIFE, KITTIE PATE.

(Filed 13 October, 1937.)

**Husband and Wife § 12: Execution § 12—**

> A husband owns and has the right to dispose of all the income, rents and profits, products, etc., accruing from an estate held by entirety so that execution against him may be levied thereon to the exclusion of any claim of the wife.

EXCEPTIONS to report of appraisers allotting personal property exemptions, heard before *Alley, J.,* at June Special Term, 1937, of YANCEY. No error.

The plaintiff having procured a judgment in this cause against the defendant J. R. Pate, an execution issued thereon, under which the sheriff proceeded to have the defendant's personal property exemptions allotted. In the allotment of exemptions crops raised on lands owned by the defendant and his wife as tenants by the entirety were set apart to the defendants, as a part of his personal property exemption, and certain parts of the crops were ordered sold under the execution.

In the trial below, upon issues submitted, the jury found, under instructions of the court, that the crops levied upon belonged to the defendant J. R. Pate. From judgment thereon the defendants appealed.

*Watson, Fouts & Watson for plaintiff, appellee.*
*Charles Hutchins for defendants, appellants.*

HALL *v.* STONE CO.

PER CURIAM. While there are a number of exceptions in the record, the appellant presents to this Court for determination only one question, to wit: "Does the husband own and have the right to dispose of all the income, rents and profits, products, etc., accruing from an estate held by entirety to such an extent that an execution against him may be levied upon it to the exclusion of any interest the wife may have?" This question must be answered in the affirmative. It is well established law in this State that the husband, during coverture and as between himself and the wife, has absolute and exclusive right to the control, use, possession, rents, issues, and profits of property held as tenants by the entirety. The common-law rule still prevails. *Davis v. Bass,* 188 N. C., 200; *Bynum v. Wicker,* 141 N. C., 95; *Greenville v. Gornto,* 161 N. C., 342; *Dorsey v. Kirkland,* 177 N. C., 523; *Simonton v. Cornelius,* 98 N. C., 437; *Bryant v. Bryant,* 193 N. C., 372; 30 C. J., 567.

We have examined the other exceptions contained in the record and find them without substantial merit. In the trial of this cause below there was

No error.