**WYLIE v. ZIMMER.**

Civ. No. 11237.

In Bankruptcy.

No. 23282.

United States District Court
E. D. Pennsylvania.

June 21, 1951.

Michael J. O'Donoghue, of Philadelphia, Pa., for plaintiff.

John A. Geisz, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by a trustee in bankruptcy to set aside an alleged fraudulent transfer of property by the bankrupt, to have vested in him the bankrupt's interest in that property, and to have an accounting of the rents, issues and profits due bankrupt from that property. It is now before me on defendant's motion to dismiss the complaint.

Plaintiff is William A. Wylie, trustee in bankruptcy for the estate of Martin Zimmer, in the United States District Court for the Southern District of California, Central Division. Defendant is Blanche Zimmer, a resident of Philadelphia, Pennsylvania.

As alleged in the complaint, the pertinent facts are as follows:

Martin Zimmer and Blanche Zimmer are husband and wife. In 1940 Martin Zimmer started a retail business in Philadelphia. In 1943 the building in which he was operating this business, together with the land on which the building was situated, was conveyed to Martin Zimmer and his wife Blanche Zimmer. In July 1949 this real estate and the stock and fixtures in the retail store were conveyed for no consideration by Martin Zimmer and Blanche Zimmer to a third party who immediately re-conveyed everything to Blanche Zimmer. This realty and personalty were conveyed with the intent to hinder and to defraud creditors.

Thereafter, Martin Zimmer went to Los Angeles, California and became engaged in a retail business there. On January 17, 1950 he made a general assignment for the benefit of creditors, disappeared, and his present whereabouts are unknown.

On April 7, 1950 an involuntary petition in bankruptcy was filed against Martin Zimmer in the United States District Court for the Southern District of California, Central Division. On April 28, 1950 that Court adjudged Martin Zimmer to be bankrupt. At the first meeting of the creditors plaintiff was elected trustee in bankruptcy for the bankrupt estate.

■ A trustee in bankruptcy is vested with all property and any transferable interest in property which is owned by the bankrupt at the date of bankruptcy or is acquired by the bankrupt within six months after the date of bankruptcy. Act of June 22, 1938, c. 575, § 1, 52 Stat. 879, 11 U.S.C.A. § 110; 4 Collier on Bankruptcy, 70.01 et seq. (14th ed.).

■ However, the extent of a bankrupt's interest in property and whether that interest is transferable so as to be subject to sale under judicial process is determined by the law of the state wherein that property is situated. Act of July 1, 1898, c. 541, § 70, 30 Stat. 565, as amended, 11 U.S.C.A. § 110, cases cited in note 71.

■ When property in Pennsylvania is owned by husband and wife, title is held as tenants by entireties. This estate is separate and distinct from the estates of either spouse and cannot be reached by either spouse's creditors. One of the incidents of tenancy by entireties is the right of survivorship. A judgment creditor of one spouse has a potential lien against property held by entireties, which lien is based upon that spouse's contingent expectancy to survive and to become the sole owner of the property. However, the creditor has no right or claim to that property during the lifetime of the other spouse and has no standing to complain of a conveyance which prevents the property from falling into his grasp. E.g., C.I.T. Corpor-

ation v. Flint et al., 333 Pa. 350, 5 A.2d 126, 121 A.L.R. 1022.

Title to personalty as well as to realty may be held in tenancy by entireties. The rents, issues and profits from real property held by entireties are received and owned in a like manner. Weiner v. Weiner, 68 Pa.Dist. & Co. R. 51.

Thus, it is the law that a trustee in bankruptcy is not immediately vested with and cannot thereafter become vested with the bankrupt's interest in property which is situated in Pennsylvania and which is owned by entireties unless the bankrupt's spouse dies within six months after the date of bankruptcy. Beihl v. Martin, 236 Pa. 519, 84 A. 953, 42 L.R.A., N.S., 555; Kerin v. Palumbo et al., 60 F. 2d 480; 4 Collier on Bankruptcy 70.17 (14th ed.); cf. Blodgett v. United States, 8 Cir., 161 F.2d 47, 50; Phillips v. Krakower, 4 Cir., 46 F.2d 764; Cullom et al. v. Kearns, 4 Cir., 8 F.2d 437, 47 A.L.R. 432.

The involuntary petition in bankruptcy was filed on April 7, 1950, and Martin Zimmer was declared bankrupt on April 28, 1950. Therefore, more than six months have elapsed since the date of bankruptcy and Blanche Zimmer is still living. Thus, it would be futile to set aside the transfer of real estate made in July 1949 and to revest title thereto in Martin and Blanche Zimmer since the trustee in bankruptcy could not acquire Martin Zimmer's contingent interest in it.

Accordingly, the defendant's motion to dismiss the complaint is granted insofar as the trustee in bankruptcy seeks to set aside the 1949 transfer of real estate, to have vested in him Martin Zimmer's interest in that real estate, and to have an accounting of the rents, issues and profits from that real estate.

In all other respects the defendant's motion to dismiss the complaint is denied because the complaint alleges that the retail business in Philadelphia was owned and operated by Martin Zimmer.

An order may be submitted in accordance with the foregoing opinion.