VERTIE MERCER BRINSON v. JESSIE KIRBY T/A WARSAW FEED
MILLS, RALPH MILLER, SHERIFF OF DUPLIN COUNTY, AND BOBBY
BRINSON.

(Filed 14 October, 1959.)

**1. Execution § 7—**

The owner of property may bring an independent action to prevent
the sale of his property under execution issuing on a judgment to which
he is not a party and for which he is not responsible.

**2. Husband and Wife § 5—**

Where the parties agree that the wife should convey her separate
lands to a third person who should reconvey to the husband and wife
for the purpose of creating an estate by the entireties, the deeds executed
to effectuate the agreement are void when they contained no finding
that the conveyance was not unreasonable or injurious to the wife as
required by G.S. 52-12, since the statutory requisites for a conveyance
by the wife to the husband may not be circumvented either directly or
indirectly.

**3. Same— Execution § 7—**

In the wife's suit to restrain sale of crops grown on lands purportedly
held by the entireties to satisfy a judgment against the husband alone,
it is error for the court to exclude evidence tending to show that she
owned the lands as her separate estate and that she conveyed the lands
to a third person who reconveyed to herself and her husband solely for
the purpose of creating an estate by the entireties, and that the deeds
to effectuate this agreement were void for failure to comply with G.S.
52-12.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Mintz, J.,* March, 1959 Term, of DUPLIN.

Plaintiff instituted this action to obtain an order restraining the
sale of tobacco and other crops seized by defendant Miller as sheriff
under execution issued to satisfy a judgment obtained by defendant
Kirby against defendant Brinson and to be adjudged the owner of
said crops.

The complaint alleges Kirby is a judgment creditor of Bobby Brin-
son; seizure of crops grown on plaintiff's land to satisfy the judgment,
which crops were owned by plaintiff. The complaint also alleges that
plaintiff inherited the land on which the crops were produced, which
land she held as her individual property until 1940 when, at the re-
quest of and by agreement with her husband, defendant Bobby Brin-
son, it was conveyed to R. W. Craft upon the agreement that he
would forthwith reconvey the land to plaintiff and her husband as
tenants by the entireties; that said conveyances were void for failure
to comply with the requirements of a contract between husband and
wife. G.S. 52-12.

Defendant Kirby answered. He denied that plaintiff was the owner of the crops or the land on which they were raised, asserting title thereto was held by plaintiff and her husband as tenants by the entirety. Defendants Miller and Brinson did not answer.

A restraining order issued. By agreement the crops were sold and the proceeds held in lieu thereof.

The court submitted a single issue to the jury, reading: "Is the plaintiff the owner in fee simple of the lands described in those certain deeds appearing of record in the office of the Register of Deeds for Duplin County in Book 413, page 243, and Book 413, at page 244, as alleged?" The jury, under a peremptory instruction, answered the issue "no."

On this verdict it was adjudged plaintiff was not the owner of the crops. The proceeds derived from the sale were directed to be applied as a credit on the judgment of *Kirby v. Bobbie Brinson*. Plaintiff appealed.

*Jones, Reed & Griffin for plaintiff, appellant.*
*H. E. Phillips for defendant, appellee.*

RODMAN, J. The owner of property may bring an independent action to prevent the sale of his property under execution issuing on a judgment to which he is not a party and for which he is not responsible. *Mica Industries v. Penland*, 249 N.C. 602, 107 S.E. 2d 120.

Appellee predicates his right to sell the crops on the theory that they were produced on land owned by the judgment debtor and plaintiff as tenants by the entirety, and as the husband was entitled to the usufruct of the land, the crops were his. The conclusion would not seem necessarily to follow the premise, but the case was apparently tried on that theory.

Plaintiff offered evidence sufficient to establish that she was, in April 1940, sole seized of the land on which the crops were produced. She put in evidence a deed from her and her husband to R. W. Craft. This deed, dated 27 April 1940, was filed for record at 5:00 p. m. on 8 May 1940. It recites: ". . . in consideration of Agreements and Fifty Dollars . . ." as the basis for the conveyance. This deed was acknowledged before Gordon S. Muldrow, a justice of the peace, who took plaintiff's private examination but made no finding that it was not unreasonable or injurious to the feme grantor. Plaintiff then offered a deed from R. W. Craft to "Bobbie Monroe Brinson and Vertie Mercer Brinson (his wife)." This deed, dated 30 April 1940, reciting ". . . in consideration of Agreements and Fifty Dollars . . ."

was filed for record at 5:30 p. m. on 8 May 1940. It was also acknowledged before Gordon S. Muldrow, justice of the peace. It contained no finding that the conveyance was not unreasonable or injurious to the feme grantee, plaintiff in this action.

If plaintiff's property was conveyed to Craft and by him conveyed to plaintiff and her husband only to divest plaintiff of her separate estate and fix title in the husband and wife as tenants by the entirety pursuant to the agreement alleged in the complaint, the deeds so executed were void since they contained no finding as required by G.S. 52-12. The statutory provision cannot be defeated by mere circuitous route. *Pilkington v. West,* 246 N.C. 575, 99 S.E. 2d 798; *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 916; *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598; *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624; *Garner v. Horner,* 191 N.C. 539, 132 S.E. 290; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566.

Plaintiff sought to establish by testimony of defendant Bobbie Brinson the agreement with Craft as alleged in the complaint. On objection of defendant Kirby this evidence was excluded. It was proper for plaintiff to prove the alleged agreement. It was error to exclude the evidence. It was not necessary to specifically allege, as defendant contends, that the conveyance to Craft was not based on a valuable consideration. The allegation with respect to the agreement negatives any idea that he purchased for value for his own benefit. The evidence should have been admitted, and with the evidence before the jury the court could not have given a peremptory instruction, to which plaintiff appellant likewise excepts.

New trial.

HIGGINS, J., not sitting.