## L. & M. GAS COMPANY, INCORPORATED, v. ETTA BROWN A. LEGGETT.

(Filed 1 May 1968.)

**1. Pleadings § 12—**

A demurrer admits, for the purpose of testing the sufficiency of the pleadings, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom.

**2. Fraudulent Conveyances § 1—**

A voluntary conveyance by a debtor is invalid as to creditors if the grantor did not retain property fully sufficient and available to pay his then-existing debts.

**3. Same—**

A conveyance is voluntary when it is not for value.

**4. Fraudulent Conveyances § 3—**

In plaintiff's action to set aside a deed as a fraudulent conveyance, an

allegation that the deed was without legal consideration is sufficient to allege that the conveyance was without valuable consideration.

**5. Husband and Wife § 15—**

The nature of the estate by the entireties is such that the estate cannot be subjected to execution to satisfy a judgment taken against the husband or wife alone, and the lien of a judgment so taken does not attach to the entirety property during coverture.

**6. Same—**

While the husband can do no act to affect the wife's right of survivorship in entirety property, the use, rents, issues and profits arising from the entirety property during coverture become the absolute property of the husband and constitutes a part of the fund from which his creditors may be satisfied.

**7. Same; Fraudulent Conveyances § 3— Creditor may not set aside as fraudulent conveyances by husband of entirety property to wife.**

In an action against the wife to set aside a deed from her husband as a fraudulent conveyance, plaintiff alleged that (1) it had recovered judgment against the husband, (2) subsequent thereto the husband conveyed to his wife certain lands owned by them as tenants by the entireties, (3) that the conveyance was without legal consideration and was for the purpose of defrauding his creditors, and (4) the husband, at the time of the conveyance, did not retain sufficient property to pay his existing creditors. *Held:* The wife's demurrer on the ground that the plaintiff had no interest or right in the conveyance was properly allowed, since no lien could attach to the entirety property or to the possibility that the husband might become sole owner by surviving his wife.

SHARP, J., concurring in result.

BOBBITT, J., joins in concurring opinion.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *McKinnon, J.,* August-September 1967 Civil Session of ROBESON. This case was docketed and argued at Fall Term 1967 as No. 855.

Civil action to set aside deed as being a fraudulent conveyance. Plaintiff alleged in its complaint that it had recovered judgment against Alex L. Leggett on 17 May 1966 in the amount of $8,276.46; that on 27 December 1966 Alex L. Leggett purported to convey certain lands by warranty deed (filed for registration on 27 December 1966 and recorded in the Robeson County Registry in Book 15-W at page 25) to his wife, the defendant; that prior to 27 December 1966, Alex L. Leggett and defendant owned the lands described in the warranty deed as tenants by the entirety and that Alex L. Leggett was entitled to possession of said lands and the rents and profits therefrom; that the conveyance was without legal considera-

tion and was for the purpose of defrauding the creditors of Alex L. Leggett; that Alex L. Leggett did not, at the time of the conveyance, retain sufficient property to pay his then existing creditors.

Notice of *lis pendens* was filed in the office of the Clerk of Superior Court of Robeson County on 2 February 1967.

The demurrer to the complaint on grounds that it did not state facts sufficient to constitute a cause of action against defendant in that plaintiff had no interest, title or right in law to the proceedings, matters and things alleged in its complaint, was allowed. Defendant's motion for cancellation of the notice of *lis pendens* was also allowed.

Plaintiff appealed.

*W. Earl Britt for plaintiff appellant.*
*L. J. Britt & Son and Robert Weinstein for defendant appellee.*

BRANCH, J.  It is well settled law in North Carolina that a demurrer admits, for the purpose of testing the sufficiency of the pleadings, the truth of factual averments well stated and relevant inferences of fact reasonably deducible therefrom. Strong's N. C. Index, Vol. 3, Pleadings, § 12, p. 625.

*Aman v. Walker*, 165 N.C. 224, 81 S.E. 162, is a "landmark case" on fraudulent conveyances. It is therein stated:

> ". . . If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; . . ."

Appellee contends that the complaint was fatally defective because it fails to allege that the conveyance was made without a valuable consideration. This poses the question whether a voluntary conveyance or conveyance without a valuable consideration was sufficiently alleged by plaintiff's allegation, "As plaintiff is informed and believes said deed was without legal consideration."

A conveyance is voluntary when it is not for value, *i.e.*, when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud. *Supply Corp. v. Scott*, 267 N.C. 145, 148 S.E. 2d 1; *Austin v. Staten*, 126 N.C. 783, 36 S.E. 338.

A "good" consideration means a valuable consideration. *Arrington v. Arrington*, 114 N.C. 151, 19 S.E. 351. Black's Law Dictionary, Fourth Edition, defines "legal consideration" as follows: "One recognized or permitted by the law as valid and lawful; as distinguished from such as are illegal or immoral. *The term is also sometimes used*

*as equivalent to 'good' or 'sufficient' consideration."* (Emphasis ours.) Construing the pleadings in the light most favorable to the pleader with a view to substantial justice between the parties, as we must, *Glover v. Brotherhood,* 250 N.C. 35, 108 S.E. 2d 78, we hold that the complaint sufficiently alleges a conveyance without valuable consideration.

Applying these rules to the pleadings in instant case, it is apparent that had the property conveyed been owned by the husband alone, the allegations of the complaint would have been sufficient to withstand defendant's demurrer and motion.

Since the trial court sustained the demurrer because "plaintiff has no interest, title, or right in law in the proceedings and matters and things alleged in its complaint," the real question becomes whether or not during the lifetime of his wife the rents, uses, issues and profits from the entirety land could be subjected to judgment taken solely against the husband. We must therefore consider some of the incidents and properties of an estate by the entirety. An estate by the entirety is an estate where the husband and wife are neither "joint tenants" nor "tenants in common," since they are considered one person in law. They cannot take the estate by moities but both are seized *per tout and non per my,* thus neither can dispose of any part without the assent of the other, but the whole must remain in the survivor, *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157. The doctrine of title by entireties between husband and wife as it existed at common law remains unchanged by statute or constitutional provision in North Carolina. *Johnson v. Leavitt,* 188 N.C. 682, 125 S.E. 490. The nature of the estate is such that the estate cannot be subjected to execution to satisfy a judgment taken against the husband or the wife alone, and the lien of a judgment so taken does not attach to the entirety property during coverture. Thus, in such case, during coverture the joint deed of the husband and wife may convey the entirety property free and clear of a judgment lien docketed against only one of them. *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E. 2d 675. The reasoning which precludes a lien being placed on entirety property by a judgment solely against one spouse is forcibly stated in *Bruce v. Nicholson,* 109 N.C. 202, 13 S.E. 790, as follows:

"The nature of this estate forbids and prevents the sale or disposal of it, or any part of it, by the husband or wife without the assent of both; the whole must remain to the survivor. The husband cannot convey, encumber, or at all prejudice, such estate to any greater extent than if it rested in the wife exclusively in her own right; he has no such estate as he can dispose of to the prejudice of the wife's estate. The unity of the

husband and wife as one person, and the ownership of the estate by that person, prevents the disposition of it otherwise than jointly.

"As a consequence, neither the interest of the husband, nor that of the wife, can be sold under execution so as to pass away title during their joint lives or as against the survivor after the death of one of them. . . . Indeed it seems that the estate is not that of the husband or the wife; it belongs to that third person recognized by the law, the husband *and* the wife. It requires the co-operation of both to dispose of it effectually."

Upon the death of husband or wife the survivor becomes the sole owner by virtue of the deed creating the tenancy by the entirety. *Woolard v. Smith,* 244 N.C. 489, 94 S.E. 2d 466. However, where a joint judgment is obtained against the husband and wife during coverture, the lien attaches and the entirety property may be sold under execution. Further, the lien of a judgment docketed against either the husband or the wife will immediately attach to the entirety property if the spouse against whom the judgment is obtained is the survivor and the judgment is still active and unsatisfied. *Johnson v. Leavitt, supra.*

Although neither the husband nor the wife can separately deal with the estate, and the interest of neither can be subjected to rights of creditors so as to affect the survivor's right to the estate, the husband, during coverture, is entitled to the full control, possession, income, and *usufruct* of the estate. *Bryant v. Bryant,* 193 N.C. 372, 137 S.E. 188.

In the exercise of this control, use and possession, he may, without joinder of the wife, lease the property, mortgage the property, grant rights-of-way, convey by way of estoppel — qualified in all these instances by the fact that the wife is entitled to the whole estate unaffected by his acts if she survive him. See 41 N. C. Law Review 67, 85, "Tenancy by the Entirety in North Carolina," by Dr. Robert E. Lee, and the cases therein cited.

In *Brinson v. Kirby,* 251 N.C. 73, 110 S.E. 2d 482, the wife brought suit to restrain sale of crops grown on land purportedly held by the entirety. The sale was to satisfy judgments against the husband alone. She offered evidence which tended to show that she owned the land as her separate estate; that an attempt to create an estate by the entirety was made but was void for failure to comply with G.S. 52-12. The court excluded this evidence. This Court held the evidence was erroneously excluded and stated:

". . . The evidence should have been admitted, and with

the evidence before the jury the court could not have given a peremptory instruction, to which plaintiff appellant likewise excepts."

In the case of *Lewis v. Pate*, 212 N.C. 253, 193 S.E. 20, plaintiff obtained a judgment against defendant J. R. Pate. Upon issue of execution the sheriff proceeded to have defendant's personal property exemption allotted. Crops raised on land owned by defendant and his wife by the entirety were set apart as part of the exemption, and other parts of the crops were ordered sold under the execution. In the trial below the jury found that the crops belonged to defendant J. R. Pate. This Court, in finding no error in the trial below, stated:

". . . the appellant presents to this Court for determination only one question, to wit: 'Does the husband own and have the right to dispose of all the income, rents and profits, products, etc., accruing from an estate held by entirety to such an extent that an execution against him may be levied upon it to the exclusion of any interest the wife may have?' This question must be answered in the affirmative. It is well established law in this State that the husband, during coverture and as between himself and the wife, has absolute and exclusive right to the control, use, possession, rents, issues, and profits of property held as tenants by the entirety. The common-law rule still prevails. . . ."

A husband alone can do no act to affect the wife's right of survivorship in entirety property; neither may his creditors affix a lien or encumbrance upon entirety property which will affect her right of survivorship. Yet, the use, rents, issues and profits arising from the entirety property become the absolute property of the husband and constitute a part of the fund from which his creditors may be satisfied.

In 24 Am. Jur., Fraudulent Conveyances, § 8, p. 166, it is stated:

"The determination of the character of a conveyance as fraudulent or otherwise involves the consideration of various elements and factors, . . .

". . . The law is based upon the theory that the assets or resources of the debtor constitutes a fund out of which the creditors have a right to be paid; and within the purview thereof is any business affair which diverts the debtor's assets from payment of his debts, or which places beyond the reach of creditors

GAS CO. *v.* LEGGETT.

property from which their claims might otherwise be satisfied.
. . ."

Since in the instant case lien cannot attach to the entirety property, *Davis v. Bass, supra,* or to the possibility that the husband might become sole owner by surviving his wife, *Bruce v. Nicholson, supra,* and the pleadings do not allege that there were rents, income, issues or profits accrued or accruing from the entirety property, we hold that the trial judge properly allowed the demurrer to the complaint and the motion to cancel the notice of *lis pendens.*

Moreover, to avoid husband's deed would be an exercise in futility. Husband and wife could by joint voluntary conveyance transfer the property to anyone of their choice, free of lien or claim of husband's individual creditors.

Judge McKinnon's judgment is
Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.

SHARP, J., concurring in result:
Defendant's demurrer to the complaint presents this case: Defendant Etta Leggett (wife) and her husband Alex L. Leggett (husband) owned land as tenants by the entirety. Plaintiff recovered a judgment against the husband. Thereafter, without consideration, for the purpose of defrauding creditors, and without retaining property sufficient to pay his debts, husband conveys the land to wife. Plaintiff brings this action to set the deed aside. The trial judge ruled that plaintiff had not alleged a cause of action.

The majority opinion states the determinative question to be "whether or not during the lifetime of his wife, the rents, uses, issues and profits from the entirety land could be subjected to judgment taken solely against the husband." The answer to the question upon which the majority opinion is predicated is, subject to certain limitations, YES, but I do not deem this to be the ultimate question. The decisive question is this: Where the accrued rents and profits from land may be taken for an individual's debts — but the land itself cannot be thus appropriated — may creditors object to a voluntary or gratuitous conveyance of the land by the debtor? Stated more specifically: Does a husband's conveyance of his interest in entirety property, on which his creditors can acquire no lien and which they cannot reach during the lifetime of his wife, come within the prohibition against fraudulent conveyances? Both logic and authority answer this question, No.

The incidents of an estate by the entirety are fully set out in the majority opinion. Those pertinent to this opinion are briefly restated: Lands held by husband and wife as tenants by the entirety are not subject to levy under execution on a judgment rendered against one during the lifetime of the other. During their joint lives, the husband is entitled to the possession and control of the estate and to the rents and profits therefrom to the exclusion of the wife under that principle of the common law which vested in the husband the right to control his wife's land and to take the rents and profits therefrom during coverture. *Highway Commission v. Myers*, 270 N.C. 258, 154 S.E. 2d 87; *Duplin County v. Jones*, 267 N.C. 68, 147 S.E. 2d 603; *Johnson v. Leavitt*, 188 N.C. 682, 125 S.E. 490; *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566; *Simonton v. Cornelius*, 98 N.C. 433, 4 S.E. 38; 2 Lee, N. C. Family Law § 115 (3d ed. 1963). North Carolina, alone among the jurisdictions, allows a husband's individual creditors to reach rents and profits from the property but not the property itself. See Phipps, *Tenancy by Entireties*, 25 Temp. L. Q. 24 (1951-1952).

This Court has held that crops (210 bushels of corn and 10 haystacks) grown upon lands owned by husband and wife as tenants by the entirety were subject to sale under execution issued upon a judgment against the husband alone. *Lewis v. Pate*, 212 N.C. 253, 193 S.E. 20. ". . . The fruits accruing during their joint lives would belong to the husband after separation from the land. . . ." *West v. R. R.*, 140 N.C. 620, 621, 53 S.E. 477, 477; see also *Simonton v. Cornelius, supra.* Whenever the sheriff, seeking property from which to satisfy a judgment against the husband, can find rents and profits *which have accrued* to the husband from an estate by the entirety in an amount over and above his personal property exemption, he can levy upon them. The judgment creditor, however, is not entitled to have a receiver appointed to take possession of the land itself in order to rent the property and apply the rentals to the payment of the judgment. *Grabenhofer v. Garrett*, 260 N.C. 118, 131 S.E. 2d 675; 2 Lee, N. C. Family Law § 116 (3d ed. 1963).

By G.S. 39-15, fraudulent conveyances are made void as against creditors of the grantor. The statute is a substantial reenactment of the English statute 13 Eliz. c. 5 (1570). *Bank v. Adrian*, 116 N.C. 537, 21 S.E. 792 (dissenting opinion). The language of the statute is broad, declaring void ". . . every gift, grant, alienation, bargain and conveyance of lands, tenements and hereditaments, goods and chattels, by writing or otherwise, and every bond, suit, judgment and execution, at any time had or made . . ." with intent to ". . . delay, hinder and defraud creditors. . . ." Nevertheless, it was clear

from an early date that not every conveyance by a debtor was within the prohibition of the statute. Thus, in the English case of *Mathews v. Feaver,* 1 Cox 278, 29 Eng. Rep. 1165 (1786), creditors of the father sought to have set aside as fraudulent a conveyance by the father to his son. There the Master of the Rolls said:

"But I am not satisfied as to the nature or value of the copyhold premises, which, generally speaking, are not subject to debts, and therefore the assignment of them can never be fraudulent against creditors." *Id.* at 280, 29 Eng. Rep. at 1166. This rule in the United States is stated as follows in 37 C.J.S. *Fraudulent Conyevances* §§ 17 and 29 (1943):

"A debtor will not be permitted to donate the use of property belonging to him to another in fraud of his creditors, and if he does so the earnings of such property may be reached and subjected by his creditors; *but this principle does not apply where the property is exempt from the claims of creditors.* (Emphasis added.)

"As a general rule a debtor in disposing of property can commit ·a fraud on creditors only by disposing of such property as the creditor has a legal right to look to for satisfaction of his claim, and hence a sale, gift, or other disposition of property which is by law absolutely exempt from the payment of the owner's debts cannot be impeached by creditors as in fraud of their rights. Creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims, even though such dealings are with a purpose to hinder, delay, or defraud them.

"* * *

"Where the interest of neither spouse in real property held as an estate in entirety is liable for the debts of the other, . . . a conveyance by one spouse of his interest to the other, directly or indirectly, or to a third person is not in fraud of the grantor's creditors."

In *Wylie v. Zimmer,* 98 F. Supp. 298 (U. S. Dist. Ct., E. D. Penn.), the husband and wife, as tenants by the entirety, owned land which they conveyed to a third party, who immediately reconveyed it to the wife. This transfer of title was made with the intent to defraud creditors. Thereafter the husband was adjudged bankrupt, and the trustee in bankruptcy brought suit against the wife to set the two deeds aside. Under applicable Pennsylvania law, the Federal District Court held that a judgment creditor of one spouse "has no right or claim to that property [entirety] during the lifetime of the other spouse and has no standing to complain of a conveyance which prevents the property from falling into his grasp." *Id.* at 299. The court said it would be futile to set aside the transfer and reinvest title in

the husband and wife since the trustee could not acquire the husband's contingent interest in the property. In reaching its decision the District Court relied upon *C. I. T. Corp. v. Flint*, 333 Pa. 350, 5 A. 2d 126, 121 A.L.R. 1022. *Accord, Hertz v. Wells*, 166 Md. 492, 171 A. 709.

In *American Wholesale Corp. v. Aronstein*, 10 F. 2d 991, a case similar to *Wylie v. Zimmer, supra,* the court said: ". . . [A]ppellants were not entitled to subject the separate interest of Aronstein [husband] to the payment of their claims. His conveyance to his wife accordingly could not hinder or delay them in the collection of their judgments."

In *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E. 2d 599, a husband and wife who owned land by the entirety conveyed it to the wife. Thereafter, a creditor of the husband sought to set aside the conveyance as a fraud upon creditors. The Supreme Court of Appeals of Virginia, after stating the rule that the entire property held by a husband and wife as tenants by the entirety, "as well as the expectancy attendant upon survivorship, is free from judgment or execution liens against either of them," said:

"Therefore, if the property can be conveyed by the husband and wife jointly, free from liens or claims of creditors, to a third party, there is no reason why it cannot be so conveyed by the husband and wife to himself or herself. Code 1950, § 55-9.

"No question of fraud is involved as property so held is insulated against the claims of creditors of the individual spouse."

North Carolina has applied the general rule that "statutes invalidating fraudulent conveyances are applicable to all property which may be subjected to the payment of debts, and to no other property," 24 Am. Jur. *Fraudulent Conveyances* § 106 (1939), to cases involving a creditor's disposition of personalty falling within his personal property exemptions. N. C. Const. art. X, § 1; G.S. 1-369; *Winchester v. Gaddy*, 72 N.C. 115; *Duvall v. Rollins*, 71 N.C. 218. In *Winchester v. Gaddy, supra,* it is said:

"A conveyance of property by a debtor for his own ease and favor, whereby creditors are delayed or hindered, is fraudulent and void; and that even when the conveyance is made for a valuable consideration, or to pay or secure a *bona fide* debt. But a manifest qualification of this rule is that the property must be such as the creditor has the right to subject to the payment of his debt.

"If a debtor sells his 'wearing apparel, Bible and hymnbook, loom,' etc., which are exempt from execution for debt, no matter how or for what purpose he makes the sale, his creditors cannot

complain; because under no circumstances can the creditor subject that property to the payment of his debt. He cannot therefore be defrauded.

"* * *

"It is true that if she [debtor] had died without having sold it, he [creditor] would have been entitled to have it applied to his debt in whole or in part as the case might be, but she did sell it to the defendant in such manner as to divest the title out of her, in satisfaction of a debt which she owed the defendant of more than $1,000."

The case *Winchester-Simmons Co. v. Cutler,* 199 N.C. 709, 155 S.E. 611, although distinguishable from the instant case in that it involved a conveyance by both husband and wife, is nevertheless, an application of the controlling principles. It was an action in which the plaintiff, a judgment creditor, sought to set aside a conveyance of land owned by the defendant, judgment debtor, and his wife as tenants by the entirety. The complaint alleged these facts: The defendant and his wife, who was on her death bed, conveyed the land to their granddaughter without consideration. The defendant's purpose in making the conveyance was to defeat the plaintiff's right to have the land sold under execution in the event he should become the owner by survivorship. The defendant's wife died four months after she executed the deed. In sustaining the defendant's demurrer to the complaint, this Court held: The judgment in favor of the plaintiff was not a lien upon the land at any time during the joint lives of the defendant and his wife, nor was the land subject to sale under execution for the satisfaction of the judgment during that time. Since the creditors of the defendant husband had no right to subject the land to the satisfaction of his debts during the lifetime of the wife, the husband and wife were at liberty to convey it, and such conveyance could not be held fraudulent as to the husband's creditors.

As stated in the majority opinion, the futility of avoiding husband's deed to defendant wife is apparent. Were title in the property revested in them as tenants by the entirety, plaintiff could not levy on the land nor could he have a receiver appointed to collect and accumulate the rents (if any) in order to pay the judgment. Only accrued rents which husband could not claim as a part of his personal property exemption would be subject to the sheriff's levy under execution. Furthermore, husband and wife together could, by voluntary conveyance, transfer the property to any third person, free from the claims of their individual creditors. Neither, of course, could convey any interest in the land to a *stranger* without the joinder of the other. Here, however, husband alone has conveyed it to

the only person to whom he could convey without the wife's signature, the wife herself. G.S. 39-13.3 (c). Thus, by express statutory authority, husband has conveyed to her the title which he and she formerly held, not as two individuals but as one — that legal personage known as husband and wife. *Woolard v. Smith,* 244 N.C. 489, 94 S.E. 2d 466. The legal consequences of husband's conveyance to wife, therefore, are the same as if the two of them had conveyed to a third person.

This case does not involve a lease, a sale or a mortgage of husband's right to the possession of the land, or the right to receive the rents and profits from it during his lifetime as did *Dorsey v. Kirkland,* 177 N.C. 520, 99 S.E. 407; *Greenville v. Gornto,* 161 N.C. 341, 77 S.E. 222; *Bynum v. Wicker,* 141 N.C. 95, 53 S.E. 478. See also *Davis v. Bass, supra* at 204-206, 124 S.E. at 568-69. It does not involve the disposition of *accrued rents and profits* as did *Lewis v. Pate, supra.* Plaintiff does not seek to set aside an assignment or conveyance of any property of which husband could dispose. He seeks to preserve an estate by the entirety in the hope that husband may acquire the fee by outliving his wife. This he is not entitled to do, for the possibility of survival, which is not the subject of sale or lien, cannot serve as the basis of an action to set aside a deed as a fraud upon creditors. "The [judgment] lien extends to and embraces only such estate, legal and equitable, in the real property of the judgment debtor as may be sold or disposed of at the time it attached." *Bruce v. Nicholson,* 109 N.C. 202, 205, 13 S.E. 790, 791; *accord, Bristol v. Hallyburton,* 93 N.C. 384.

The rationale of the North Dakota Supreme Court in *Olson v. O'Connor,* 9 N.D. 504, 84 N.W. 359, is applicable here. In *Olson,* the husband, a judgment debtor, conveyed his homestead to his wife. Thereafter, the husband gave the judgment creditor a chattel mortgage on grain growing upon the land. The sheriff levied upon the grain and sold it at an execution sale. The wife sued both the sheriff and the creditor for the value of the grain. With respect to the property conveyed, the court observed: "But that was his homestead, and was exempt. It was property to which the lien of the judgment did not attach and was beyond the reach of an execution issued thereon. It was not possible to defraud his creditors by transferring the title to his wife, for it was property to which they could not look for the collection of the claims." *Id.* at 510, 84 N.W. at 362. Thus, the creditor sought to appropriate the usufruct from land which (he conceded) was not subject to his debt. The creditor's contention was that the transfer to the wife was "void for the reason and to the extent that it affects the title to the crops thereafter grown on such

land." His position was that if the husband had not transferred the title to the land, he — not the wife — would have been the owner of the grain subsequently grown thereon. The court, in rejecting the defendant's position, reasoned as follows: "As a statement of fact, this [*i.e.*, that Olson would have owned the grain but for the transfer] is true; but as a ground for claiming that the transfer of the land was in fraud of creditors, it is not sound. Its fallacy lies in falsely assuming that the transfer of the title then and there conveyed something of value other than the land itself, namely, the crops subsequently grown. Of course, Olson transferred to plaintiff nothing more than he had then, and that was the land itself. At that time these subsequent crops had no existence of value. By transferring the land to his wife he did not transfer crops afterwards grown." *Id.* at 510, 84 N.W. at 362.

The majority opinion says that, since the lien of plaintiff's judgment cannot attach to the land itself, and, since "the pleadings do not allege that there were rents, income, issues or profits accrued or accruing from the entirety property," the demurrer was properly sustained. In my view, the complaint would not state a cause of action even if it alleged that there were rents or profits "accrued or accruing." Such an allegation would add nothing to the assertion that the transfer of the *land* was fraudulent. This is true because: (1) The prohibition against fraudulent conveyances has no application to property which is not liable for one's debts; it applies only to property which is subject to levy and sale under execution at the instance of the creditor who seeks to set the conveyance aside. (2) This case involves *only* the land — not severed crops, accrued rent payable in cash, or other personality belonging to the husband.

BOBBITT, J., joins in the concurring opinion.