LIFE & CASUALTY INS. CO. *v.* BRADLEY *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed December 6, 1941.

HUME, HOWARD, DAVIS & GALE, of Nashville, for plaintiff in error.

ELLIOTT SIMRELL and RUTHERFORD & RUTHERFORD, all of Nashville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

These four suits were heard together in which the original plaintiffs sought to recover damages resulting from an automobile collision on Holly Street in the City of Nashville. The defendants were Life and Casualty Insurance Company and T. L. Fox. There was a verdict in favor of each plaintiff against both defendants. In the Court of Appeals a voluntary nonsuit was taken against Fox, and that court dismissed all four suits against the Insurance Company upon the ground that plaintiffs had failed to carry the burden of showing that Fox had been expressly or impliedly authorized by the Insurance Company to use his individual car in making premium collections on industrial policies. The uncontroverted facts, as set forth in the opinion of the Court of Appeals, are as follows:

"The defendant raises no question as to the negligence of the driver of the car, T. L. Fox, or as to the amount of the verdicts, but the only controversy is as to the liability of the defendant Insurance Company for the acts of T. L. Fox driving his own personal car, while he was an agent working for the Insurance Company.

"Only two witnesses testified as to any connection Fox had with the defendant Insurance Company. They were Mrs. Beatrice Marsh and W. E. Marsh. The substance of their testimony was that T. L. Fox was an agent of and collected premiums on industrial insurance for the Life and Casualty Insurance Company in the neighborhood of where the accident happened, and shortly before the accident had made a collection of a premium on Holly Street; that there was another man in the car with Fox and this man was finding out where collections were to be made in that neighborhood so that he could take over the territory and make such collections himself and that after the accident, and on the same day, Fox called at the Marsh home to collect premiums on policies issued by the Life and Casualty Insurance Company. This is the substance of the proof. There is no proof that Fox was authorized by the Company to use his own car, that any official of the Company knew he was using his own car, that he had any agreement with the Company as to how he should travel in connection with his work, that the territory in which his work was to be done required the use of an automobile, that he had ever used a car before in this work or that the Company officials knew that he had a car.

"The burden of proof was of course upon the plaintiffs below and in order to hold the Insurance Company liable in damages for the negligence of Fox, it must

be shown that he had express or implied authority to use his own car in the performance of his work. Proof only that he was an agent of the Company does not raise a presumption that he had authority to drive his own car in connection with his business.''

The rule of express or implied authorization, as announced by the Court of Appeals, is one of universal application, the usual issue in this class of cases being whether there are sufficient facts and circumstances shown to establish an implied authorization. This question is fully considered in our recent decisions in *Tucker* v. *Home Stores, Inc.*, 170 Tenn., 23, 91 S. W. (2d), 296; and *Kennedy* v. *Union Charcoal & Chem. Co.*, 156 Tenn., 666, 4 S. W. (2d), 354, 57 A. L. R., 733. See, also, the able discussion of this question by the Supreme Court of Texas in the very recent case of *Kennedy* v. *American Nat. Ins. Co.*, 130 Tex., 155, 107 S. W. (2d) 364, 112 A. L. R., 916.

■ Under the meager facts of this record we concur with the Court of Appeals in holding that it is not shown that Fox was using his automobile in making collections for the Insurance Company with its expressed or implied authority. As a matter of fact, these debit insurance agents are generally held to be independent contractors. *Income Life Ins. Co.* v. *Mitchell*, 168 Tenn., 471, 79 S. W. (2d), 572; *American Nat. Ins. Co.* v. *Denke*, 128 Tex., 229, 95 S. W. (2d) 370, 107 A. L. R., 409, in which the authorities are reviewed at length; also annotation in 112 A. L. R., beginning on page 924. The present case was not developed upon that theory, however, and the Insurance Company has not carried the burden of establishing that relationship. Had plaintiffs shown that Fox was using his automobile in making collections with the knowledge and approval of the Insurance Company the

latter, in all probability, would then have made it to appear that Fox was an independent contractor.

■ In the Court of Appeals counsel for the plaintiffs made a motion to affirm the judgments entered in the circuit court for the reason that there was no motion for a new trial. The Insurance Company introduced no testimony. At the conclusion of the testimony offered on behalf of plaintiff's counsel, the Insurance Company made a motion for a directed verdict in its favor, which motion the court disallowed. After the verdicts had been returned and accepted by the court, counsel for the Insurance Company duly filed and presented the following motion:

"In the above entitled causes which were by agreement consolidated and tried together, comes the defendant, Life and Casualty Insurance Company, and moves the Court to set aside the verdicts of the jury heretofore rendered in each of the causes, and sustain this defendant's motion for a directed verdict on the following grounds:

"1. There is no evidence to support the verdicts.

"2. The Court erred in overruling defendant's motion for peremptory instructions made at the conclusion of the plaintiff's proof."

The Court of Appeals very properly overruled this motion.

In 46 C. J., 286, it is said:

"Any motion to set aside a verdict based upon matters not appearing on the face of the record, is in legal effect a motion for a new trial; and the same is true of a motion to reinstate a cause after dismissal."

■■ We think counsel made the proper motion. A new trial is a retrial in the same court of an issue or

issues of fact after a verdict of a jury. 46 C. J., 58. That was not the relief sought by the Insurance Company. It did not desire to have the case retried, but what it wanted the court to do was to correct his mistake by directing a verdict in its favor. This is rather technical, but, as stated above, any motion to set aside a verdict is in legal effect a motion for a new trial.

We find no error in the judgment of the Court of Appeals and, therefore, deny the petition for writ of *certiorari.*