FAULKNER *v.* RAMSEY.

(*Nashville,* December Term, 1941.)

Opinion filed February 7, 1942.

W. B. WILLIAMS, of Lebanon, for appellant.

LOUIS CHAMBERS and W. W. HAMBLEN, both of Lebanon, for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Bill filed to sell a 54-acre tract of land for partition, it being alleged that the parties own same in equal moieties as tenants in common.

By answer the defendant insists that complainant has no title or interest to any part of said tract of land, but that he (defendant) owns it in fee simple.

This tract of land was purchased by defendant and his wife, Harlena Ramsey, in 1912 at a county court sale, and they lived thereon until the death of the latter in 1935. Mrs. Ramsey died intestate, survived by complainant, who is her only child and heir at law. It is the contention of complainant that said tract of land was conveyed to his mother and step-father as tenants in common, and that upon the death of his mother he inherited a one-half undivided interest therein. It is the contention of the defendant, on the other hand, that said tract of land was conveyed to him and his wife as tenants by the entirety, and that upon the latter's death he became the owner of the entire tract.

The chancellor, in a full and well-reasoned opinion, held that the deed executed to defendant and his wife by the county court clerk was ambiguous and that it could be construed either way, but that when considered in conjunction with the extraneous circumstances and surroundings it evinced a clear intention to convey the property to the parties as tenants in common. In this view the Court of Appeals concurred.

In the deed it is stated that ''Zerl and Harlena Ramsey became the highest, last and best bidder and purchaser of said tract of land at and for the sum of two thousand and one No/100 dollars which said sum has been fully paid and satisfied.''

The conveying clause in said deed is as follows ''do hereby alien and convey to the said Zerl & Harlena Ramsey, equally, the land so purchased by them, to have and to hold the said land hereby intended to be conveyed,

with the appurtenances, to the said Zerl & Harlena Ramsey, equally their heirs and alienees, . . ."

Of the consideration of $2,001, Mrs. Ramsey paid $1,038.26 and defendant paid $962.74.

From the record it appears that two tracts of land owned by Zach Lyons were sold for partition among his heirs by the county court. The tract in question was sold to Zerl and Harlena Ramsey, and the other tract was sold to William Ramsey and his wife, Fannie Ramsey. Zerl Ramsey and William Ramsey were brothers, and Harlena Ramsey and Fannie Ramsey were sisters. Reports of sale were made to the court by the clerk, and the sales were confirmed by the court, but there is no decree vesting the title to said 54-acre tract in Zerl and Harlena Ramsey. By error, or for some unknown reason, the decree purports to vest the title to both tracts of land in William Ramsey and wife, Fannie Ramsey. The decree further retains a lien on both tracts to secure the purchase money, and provides that "the clerk will make a deed to each of the parties when the purchase money is paid."

William Ramsey and wife, Fannie Ramsey, both gave their depositions in this cause and disclaimed any interest in said 54-acre tract of land.

On October 14, 1912, William Ramsey and wife, Fannie Ramsey, and Zerl Ramsey and wife, Harlena Ramsey, came together at the office of said county court to make final settlements and receive deeds. The clerk, H. L. Coe, was a licensed lawyer. In preparing the deed it was dictated by Coe and reduced to typewriting by his deputy, F. M. McDaniel. It appears from the testimony of witnesses that Coe advised the parties that a deed drawn as the one under consideration would convey to

each of them a one-half interest in said land. It was suggested there in the presence of the parties that Mrs. Harlena Ramsey had one child by a former marriage and that Zerl Ramsey had two children. Zerl Ramsey in his testimony denies that he claimed the paternity of these children, but he made no such denial at the time the making of the deed was under consideration. Defendant and his wife, Harlena Ramsey, never had any children as a result of their marriage. Mrs. Harlena Ramsey stated at the time the deed was in course of preparation that she thought it should be drawn so that her part would go to her child and that Mr. Ramsey's part should go to his children. The testimony of F. M. McDaniel, William Ramsey, and Mrs. Fannie Ramsey establishes the fact that this deed was made, delivered and accepted by the defendant and his wife as conveying said tract to them as tenants in common. Defendant had the deed recorded promptly. While this testimony was excepted to, counsel has not supported his claim of incompetency by citation of authority.

In Jones on Evidence, vol. 2, sec. 453, it is said: "If the language of the written memorial of a contract is ambiguous or obscure as to its meaning, it is permissible, in order that the instrument may be properly interpreted, to introduce in evidence proof of the subject matter of the contract, the relations existing between the parties, the facts surrounding them at the time when they entered into the agreement, and also their acts subsequent thereto. Likewise, the conversation and statements of the parties coincident with or just prior to the execution of the contract may be admitted to aid in the construction of the writing."

The parol evidence rule does not operate to ex-

clude extrinsic evidence which tends to aid, confirm, or explain a writing rather than alter it, or which assists the court in understanding and interpreting the language of the writing. Jones on Evidence, vol. 1, sec. 343; 17 C. J. S., Contracts, section 321, p. 744; 22 C. J., 1173-1180.

The chancellor in his opinion says: ''The word 'equally,' appearing in this deed, was evidently used for some purpose, and, that being true, the true meaning imported by the word should be determined. Without the word 'equally' in the deed, it would have vested title in the grantees as tenants by the entirety. To hold that said deed vests an estate by the entirely with the inclusion of the word 'equally,' would render the word meaningless and surplusage. But, when considered and construed in the light of the surrounding facts and circumstances, the meaning of the word, and the intention of the parties in using the same, becomes reasonably clear.''

We think the other courts in their interpretation of this deed have given effect to the intention of the parties thereto. On November 25, 1940, after the hearing but before the decision in the chancery court, defendant was permitted to amend his answer so as to aver that under the decree of the county court confirming the sale of said tract of land that he and his wife took title to said tract of land as tenants by the entirety, and that the clerk of the county court was without power or authority to convey any other or different title to the purchasers than that conveyed by said decree, and if said deed, upon a proper and literal construction, attempts to do so it is a nullity and void, and cannot affect the title previously vested by said decree of the county court.

Since title to this 54-acre tract of land was vested

in William and Fannie Ramsey, and not in Zerl and Harlena Ramsey, and said mistake never corrected, this contention cannot be maintained since title of no kind or character was ever vested in Mr. and Mrs. Zerl Ramsey by decree of the county court.

We hold furthermore, as did the other courts, that defendant, by accepting said deed conveying the title to him and his wife as tenants in common, placing said deed of record, and occupying the premises under that character of title twenty-three years prior to the death of his wife and five years thereafter before asserting claim that they held said land as tenants by the entirety, is now precluded under the doctrine of estoppel.

In *Poindexter* v. *Rawlings,* 106 Tenn., 97, 59 S. W., 766, 768, 82 Am. St. Rep., 869, a case very much in point was considered. In that case Martha A. Poindexter, the complainant, sold and by deed conveyed a tract of land to A. P. Rawlings and his wife, Mary S. Rawlings. Subsequent to the payment of the first note, the said A. P. Rawlings returned the original deed to the vendor, and she, at his request, executed another deed in its stead covering the land to his wife, Mary S. Rawlings, alone. Said this Court: "The complainant, therefore, had no title to impart when she executed the deed to Mrs. Rawlings in 1885, and, of course, Mrs. Rawlings acquired no title as such thereby. Nevertheless, the surrender of the first deed by A. P. Rawlings to the vendor, and her execution of the second one in its stead to his wife by his request, and her claim and possession thereunder, preclude him in equity from now claiming any interest in the land as against his wife; and the same facts likewise preclude the complainant from now asserting that A. P. Rawlings has any interest, under the first deed, to which

her vendor's equity can attach. As against his wife, he no longer has an interest in the land as vendee, and the complainant for that reason can have no relief against the land as his property."

The Court stated further: "For the purposes of this litigation, at least, her present ownership must be regarded as having arisen under the second deed alone. Though that instrument, for lack of title in the vendor at that time, passed no title to Mrs. Rawlings, it nevertheless worked an estoppel on all the parties to the transaction; and, as it purported to convey the fee, it was also good color of title upon which to base adverse possession."

Writ denied.