# MARTIN v. CASTNER-KNOTT DRY GOODS CO.

# RYAN v. SAME.—181 S. W. (2d) 638.

Middle Section.   January 22, 1944.

Petition for Certiorari denied by Supreme Court, June 10, 1944.

Norman Farrell and Jack Keefe, both of Nashville, for plaintiffs in error.

Keeble & Keeble, of Nashville, for defendant in error.

HICKERSON, J. Plaintiffs, Mrs. Alex Martin and Anne Thomas Ryan, brought these suits against de-

fendant, Castner-Knott Dry Goods Company, to recover damages for false arrest. They alleged that they were illegally arrested by defendant on a false charge of stealing a skirt. Two trials have been held in the Circuit Court. On the first trial the court directed a verdict in favor of defendant. Plaintiffs appealed in error to this Court where the judgment of the trial court was reversed and the case remanded for a new trial. In denying a petition for certiorari the Supreme Court wrote a memorandum opinion in which it stated:

"We think there is ample authority, in fact the weight of authority, to support the contention that the owner of a store has the right to detain a person therein, for a reasonable time, for proper investigation, who he has reasonable grounds to believe has not paid for what he has received or is attempting to carry away goods without payment. However, we think it is a question for the jury, upon a proper charge, to decide whether or not the defendant in the instant case had reasonable grounds under all the facts and circumstances for believing that plaintiffs were attempting to carry away goods without making payment. The fact that plaintiffs were able to show and did show that they were innocent does not deprive defendant of this defense. If the plaintiffs unwittingly acted in such a way as to justify a reasonable man in believing that they were attempting to carry away goods of the defendant without making payment, they must bear the consequences of their said act and will not be allowed to complain." (This opinion does not appear in the record but the parties agree that the foregoing is a correct excerpt from it.)

Upon the filing of this memorandum opinion by the Supreme Court plaintiffs filed a petition seeking to have the opinion stricken from the record on two grounds:

(1) That the Supreme Court, after denying the writ, had no jurisdiction to file the opinion; and (2) that the Court's statement of the law applicable to a case of false arrest by a private individual, of an innocent person, was not the law in Tennessee.

The opinion was withdrawn and stricken from the record by the Supreme Court.

Upon the remand the cause was tried in the Circuit Court and a verdict was rendered in favor of plaintiffs for $100 compensatory damages and $100 punitive damages, in each case. Judgment was entered on these verdicts. Plaintiffs have appealed in error to this Court.

There is no controversy about the material facts. Defendant, a private person, arrested plaintiffs on a charge of larceny. Plaintiffs were not guilty of the charge. The case was tried in the lower court upon the theory that probable cause on the part of defendant to believe that plaintiffs had committed the offense of larceny justified the arrest which defendant made. The question was squarely presented in the trial court by plaintiffs that probable cause was no justification for the arrest of plaintiffs by defendant when no offense, in fact, had been committed. The trial court ruled against plaintiffs on this question. Numerous errors have been assigned by plaintiffs which we shall consider together. Two determinative questions are presented to us:

First, the trial court permitted defendant to rely upon the following plea as a defense: "Comes the defendant, Castner-Knott Dry Goods Company and without waiving, but relying upon its pleas heretofore filed, to-wit: its plea of the general issue and the special plea, for further plea says that for each and every of its acts on or about September 27, 1941, relating to or affecting the plaintiff

in this cause, however said acts may be construed or interpreted, the defendant had reasonable and probable cause for its said acts, and is therefore not liable to the plaintiff in damages in any amount''; admitted evidence in support of this plea; and charged the jury that if this plea were established by the evidence that it constituted a defense to plaintiffs' suit, although defendant admitted that no offense had actually been committed. Were these rulings of the court erroneous?

Second, was the verdict and judgment entered thereon inadequate?

These questions will be considered in the order stated.

Code Section 11541 sets out the conditions under which a private person may make an arrest, as follows: ''Private person may arrest, when.—A private person may arrest another: (1) For a public offense committed in his presence; (2) when the person arrested has committed a felony, although not in his presence; (3) when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it.''

In McCaslin v. McCord, 116 Tenn., 690, 706, 94 S. W., 79, 83, 8 Ann. Cas., 245, after reviewing the statutory law of Tennessee in regard to arrest, the Court said: ''Our statutes, as we have construed them, are in some points at variance with the common law but we need not go into that phase of the matter as we think the Legislature, in the sections which we have quoted intended to cover the whole subject of arrest without warrant by a private person.''

Plaintiffs contend that the foregoing Code Section and the Supreme Court opinion which construes it establish the rule in this State that a private person cannot justify an arrest under any circumstance unless it is first shown that the offense for which the arrest is made has

been actually committed. The foregoing Code Section states that an arrest by a private person may be made: ''(1) For a public offense committed in his presence; (2) when the person arrested has committed a felony, although not in his presence; (3) when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it''; and our Supreme Court stated in McCaslin v. McCord, supra, that the foregoing statute covered ''the whole subject of arrest without warrant, by a private person.''

■ Plaintiffs' contention is supported by the great weight of authority in the United States. A full annotation in which this question is discussed is found in Burton v. McNeill, 196 S. C., 250, 13 S. E. (2d), 10, 133 A. L. R., 603, 608. In this annotation (133 A. L. R., 610) decisions from nine jurisdictions support the rule that in order to justify an arrest by a private person the person arrested must have actually committed the felony with which he is charged. The Tennessee statute relaxes this rule to the extent that the arrest by a private person can be justified when a felony has actually been committed and the private person making the arrest has reasonable cause to believe that the person arrested committed it.

In the same annotation (133 A. L. R., 613) decisions from twenty-seven jurisdictions are cited in support of the rule that in order to justify an arrest by a private person it must be shown that the felony for which the arrest was made was actually committed by someone. In discussing this rule it was said in the annotation: ''The rule most commonly recognized with respect to the right of a private person to make an arrest without a warrant for the commission of a felony is that an arrest is justified if a felony was in fact committed by someone and if there was 'reasonable' or 'probable' cause or grounds

to believe or suspect that the person arrested was the one who committed the felony. Supporting the rule is section 119, vol. 1 of the American Law Institute Restatement of the Law of Torts, which provides that a private person is privileged to arrest another without a warrant for a criminal offense ''if an act or omission constituting a felony has been committed and the actor reasonably suspects that the other has committed such act or omission.' There are a number of decisions supporting or recognizing the rule, some of which were controlled by statutory provisions.''

Only four jurisdictions are cited to support the rule that a private person may make an arrest when he has probable cause to believe that an offense has been committed and that the person arrested committed it. 133 A. L. R., 619.

Under Code Section 11536 an officer may arrest without a warrant for a breach of the peace threatened in his presence or upon a charge made to him, upon reasonable cause, that a felony has been committed by the person arrested; but that latitude is not given to a private citizen.

Defendant principally relies upon three Tennessee Decisions to support its contentions:

(1) Travis v. Bacherig, 7 Tenn. App., 638: In this case an offense had actually been committed, so it is distinguished from the case at bar on that ground. Here, no offense had been committed.

(2) Little Stores v. Isenberg, 26 Tenn. App., 357, 172 S. W. (2d), 13, 16: The facts of this case are quite similar to the facts before us. In the Isenberg case this Court (Eastern Section) said that: ''The essence of this tort is in depriving the plaintiff of her liberty without justification''; and ''The defendant had a right of rea-

sonable investigation as to whether or not merchandise had been paid for—it might restrain for a reasonable time for such investigation." Mrs. Isenberg had made a purchase at Little Stores and paid for the merchandise. When she was out of the store on the sidewalk one of the employees of the store told her that she had not paid for her groceries. It was her contention that the employee forced her to go back into the store where a clerk told him that this lady had paid for her groceries. It was the contention of Little Stores that he did not restrain her or deprive her of her liberty, but they simply went back in the store to have the matter explained. The case was submitted to the jury and a verdict resulted in favor of plaintiff and judgment was entered thereon.

█ The specific assignments of error do not appear in the opinion, but the main question seems to have been the failure of the trial judge to direct a verdict in favor of defendant. From the opinion, and the fact that defendant appealed, it definitely appears that the specific question presented in the present suit of whether probable cause to believe that an offense had been committed would justify an arrest by a private person was not presented to this Court in the Isenberg case. That being true we would not feel constrained to follow that case as authority to sustain the contention which defendant makes here that probable cause to believe that an offense has been committed is justification for an arrest. State ex rel. v. Nashville Baseball Club, 127 Tenn., 292, 154 S. W., 1151, Ann. Cas. 1914B, 1243. Furthermore, the Court, in the Isenberg case, based its decision upon general principles of law and apparently did not consider the statutory law of Tennessee on the subject of arrest by a private person, and the Tennessee cases construing

that statute. The fact that the Supreme Court denied the writ of certiorari to the Court of Appeals does not put its stamp of approval upon every statement made in the opinion of the Court of Appeals. The Supreme Court is primarily concerned in such case with the result reached by the Court of Appeals. Bryan v. Ætna Life Ins. Co., 174 Tenn., 602, 130 S. W. (2d), 85.

(3) The memorandum opinion of the Supreme Court denying certiorari on the first appeal in this case, which opinion was withdrawn and stricken from the record upon application of plaintiffs: Defendant takes the position that the opinion of the Supreme Court which was stricken is authority for the position which it takes on the question of probable cause. It seems that the trial court followed this memorandum of the Supreme Court. It is our opinion that the facts and circumstances under which this memorandum was withdrawn from the record justify our concluding that the memorandum did not state the rule of law in Tennessee which is applicable to this case. Defendant insists that plaintiffs' petition to strike this memorandum was sustained on the first ground thereof; that is, that the Supreme Court had no jurisdiction to file the memorandum when it denied the writ. That contention is not sound because the Supreme Court constantly files and publishes opinions in cases denying petitions for the writ of certiorari. Nicholson Const. Co. v. Lane, 177 Tenn., 440, 150 S. W. (2d), 1069; Cummins v. Woody, 177 Tenn., 636, 152 S. W. (2d), 246; Crocker v. Town of Manchester, 178 Tenn., 67, 156 S. W. (2d), 383; Faulkner v. Ramsey, 178 Tenn., 370, 158 S. W. (2d), 710; Peoples v. Smith, 178 Tenn., 491, 159 S. W. (2d), 832; Life & Casualty Ins. Co. v. Bradley, 178 Tenn., 526, 160 S. W. (2d) 410.

430

█ We have examined the petition of plaintiffs in the Supreme Court seeking to have the memorandum opinion stricken from the record. In the concluding paragraph of that petition it is said: "If Your Honors' opinion is left with the quoted portions in it, when this case is retried in the lower court, it will be insisted by adversary counsel that such is the 'law of the case', despite the fact that Your Honors (1) denied the application for the writ, and (2) despite the fact that it is, we earnestly insist, an incorrect exposition of the law." The portion of the opinion about which complaint is made in this paragraph of the petition to strike the opinion is that portion which held that probable cause to believe that the offense had been committed would be a defense to the suit.

Since the Supreme Court could not have sustained this petition to strike the memorandum on the ground that it had no jurisdiction to write an opinion, unless the writ was granted, we must conclude that the Supreme Court sustained this petition to strike because that portion of the memorandum opinion about which complaint is made in the petition was "an incorrect exposition of the law." Of course, if this memorandum had not been stricken we would have been bound by it.

█ Wherefore, we hold the rule in this State to be that a private person makes an arrest at his own peril; and to justify that arrest, he must show as a fact that the offense for which the arrest was made was committed; and probable cause to believe that the offense was committed will not justify the arrest when, in fact, no offense was committed. We cannot conclude that our lawmakers intended otherwise. Too frequently, private persons who make arrests are interested. That interest is bound to warp and influence their judgment. A great majority

of our legislative bodies and our courts have declared that freedom from arrest is a more sacred right than the granting of the privilege and authority to a private person to make an arrest upon reasonable grounds and probable cause to believe that an offense has been committed. Reason and experience justify the wisdom of that rule. It is the law of this State.

██ ██ It is our conclusion that this case was tried throughout in the trial court on such an erroneous theory and statement of the law that plaintiffs were not given a fair trial. It is the right of a litigant to have the propositions of law governing the case plainly stated to the jury. Lancaster & Smith v. State, 43 Tenn., 339, 91 Am. Dec., 288; Troxdale v. State, 28 Tenn., 411; Bridges v. Vick, 21 Tenn., 516; Strady v. State, 45 Tenn., 300; Rollings v. Cate, 48 Tenn., 97; Richardson v. McLemore, 64 Tenn., 586; Knoxville Traction Co. v. Brown, 115 Tenn., 323, 89 S. W. 319. Plaintiffs were denied this right.

Plaintiffs were deprived of their constitutional right of trial by jury (Constitution of Tennessee, Art. 1, Sec. 6) when the case was tried under the foregoing erroneous theory of the law; so we must reverse and remand for new trial despite the provisions of Code Section 10654. Tennessee Cent. R. Co. v. Morgan, 132 Tenn., 1, 20, 175 S. W., 1148; Northcross v. Loew's Memphis Theatre Co. & Fleischman Construction Co., 3 Tenn. App., 51, 60.

██ There remains only the question of the amount of the judgment. We recognize the rule that the fixing of damages is peculiarly within the province of the jury and the trial court, but that rule presupposes that the litigants have had a fair trial under the law applicable to the facts of the case. It is our opinion that the development of facts in support of defendants' plea of

probable cause had its influence upon the jury, and resulted in a smaller verdict by the jury than it would otherwise have returned.

The judgment of the trial court is reversed and the cause remanded for a new trial consistent with the principles of law stated in this opinion.

Felts and Howell, J.J., concur.