Bessie Lee, Administratrix of the Estate of Charles Lee,
Deceased, *v.* Marvin Drabkin.

(*Knoxville,* September Term, 1954.)

Opinion filed December 16, 1954.

Floyd L. Ambrister, Jr., of Knoxville, for plaintiff in error.

Jenkins & Jenkins, of Knoxville, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

On December 30, 1952 Charles Lee was killed in a traffic accident in which Marvin Drabkin was involved. On January 28, 1953 the following occurred, to wit: (1) Charles Lee's widow, in her capacity as administratrix of his estate, filed her one count declaration seeking $8,-000 in damages from Drabkin, charging common law

negligence; (2) Drabkin filed his plea of not guilty; (3) a judgment for $8,000 was entered, it being recited therein that the cause came on for hearing without the intervention of a jury "and upon the evidence introduced in open Court" from all of which the Court finds for the plaintiff and fixes the damages at $8,000; (4) this $8,000 was paid "into the registry of" the Court. This declaration alleged that decedent was likewise survived by five children, three of whom were minors.

Twenty-nine days after the entry of this judgment, and during the same term of Court, this administratrix filed an instrument which she called an "amended declaration".

This instrument added a statutory count. Then it alleged certain acts which were defined by this instrument as "fraud" in procuring the aforesaid judgment of $8,000, all of which money still remains in the keeping of the Clerk. The Judge expressed the opinion that the acts charged were not fraudulent. He, therefore, refused the relief sought by the "amended declaration", and allowed the administratrix this appeal in error.

The only way to reach in this case consideration of the question presented is to treat this so called "amended declaration" as a motion for a new trial, the allegations defined as fraud being considered the grounds upon which the motion is based. To so consider this "amended declaration" seems to be permissible. *Life and Casualty Insurance Company* v. *Bradley,* 178 Tenn. 526, 530, 531, 160 S. W. (2d) 410.

The Trial Judge, in disallowing the motion for a new trial, made a statement as to what occurred during the hearing which resulted in the entry of the $8,000 judgment. Since we are treating the pleading as a motion for

a new trial, this statement of the Trial Judge must likewise be given effect. There is no bill of exceptions.

By virtue of Code, Section 8236 this administratrix was authorized to institute this suit. By the same token, she was authorized to consent to the judgment which she now attacks. *Jackson* v. *Dobbs*, 154 Tenn. 602, 605, 290 S. W. 402. The universal rule is that an authorized judgment entered by consent of parties is binding in the absence of a mutual mistake or fraud. There was no mutual mistake here. The question for decision, therefore, is whether the allegations of fact in the new trial motion, these allegations being construed in the light of the circumstances surrounding their alleged occurrence, as detailed by the Trial Judge, constitute fraud, thereby entitling the administratrix to have this consent judgment set aside, and a new trial granted.

Mrs. Lee alleges that from the date of her husband's death to the entry of this judgment twenty-eight days later she was suffering pain by reason of the injuries which she received in that traffic accident, and that she was grieved by the death of her husband and worried by reason of the injuries which her two minor children had received in that same accident; that the agent of the defendant's insurance company during this period was in frequent contact with her about these claims notwithstanding the fact that he knew her aforesaid physical and mental condition and knew that she was lacking in education and business experience in matters of this kind. She disavows any act of fraud upon the part of any one connected with the matter other than this agent of the Insurance Company and her son-in-law who she says came here from another state to assist her in this matter, and fraudulently induced her, she says, to accept a settlement which involved a total payment of $15,000 or

$16,000, including compensation for the injuries of the two children, their medical expenses, compensation to her for her injuries, and this $8000 judgment for the death of her husband.

She alleges that the declaration was prepared by the attorney for the Insurance Company; that when she came to Court on the day this declaration was filed and judgment entered she was represented by a lawyer whom she had not employed and did not know, and who rendered her no service, and that she did not understand the amount she was to receive for the death of her husband.

The Trial Judge, in holding that no one connected with the case had been guilty of any fraud, stated in his filed memorandum that when the parties presented themselves in his Court he was informed in Mrs. Lee's presence that the declaration had been prepared by the attorney for the defendant and that the attorney who had signed the declaration had been requested by the defendant to enter his appearance of record for the plaintiff and that he was to receive a nominal attorney's fee to be paid by the defendant's insurance company for his ''nominal representation'' of the plaintiff.

The opinion of the Trial Judge further states that Mrs. Lee was likewise asked by the Court if she was satisfied with the two judgments that were to be entered involving her two children and the one under attack in this case, and that she replied that she was satisfied as to each of the three judgments and requested the Court to approve them.

In denying Mrs. Lee's motion for a new trial the Court observed that ''all those matters (alleged as grounds for a new trial) were before the Court at the hearing. The averment of them charged no fraudulent act.''

It thus conclusively appears that before Mrs. Lee requested the Court to approve this judgment she was fully acquainted with all the matters alleged as grounds for a new trial. Nor was there any overreaching of her as to the circumstances, since these matters were told to the Court in her presence. The activity of the insurance agent in talking to her about the claim from time to time during the period that she was grieved and worried and in pain by reason of her broken arm was not an act of fraud upon the part of this agent. She knew what her condition was and, knowing it, she told the Court that she approved this agreement and requested the Court to approve it. The mere fact that her son-in-law recommended a settlement of all four claims growing out of this accident for $15,000 is no evidence of fraud upon his part, assuming it to have been a mistake of judgment. At any rate, this son-in-law was her agent, and not the agent of the defendant.

For the reasons stated, this Court is of the opinion that the Trial Judge was not guilty of an abuse of discretion in refusing to set aside this judgment and grant the administratrix a new trial. In this connection it is interesting to note in the extensive annotation of this question in 8 A. L. R. (2d) commencing at page 460, it is said on page 463 that:

"Though little or no discussion exists among the opinions relative to the latitude of a court to vacate its approval of compromises or releases of infants' claims for personal injuries, the fact that no case has been found wherein a trial court's setting aside or its denial of an application to vacate has been reversed, indicates that such discretion must be broad."

Certainly that statement applies with all the more force

in the case of an adult who, being authorized so to do, consents to a judgment against a defendant who was guilty of no fraudulent conduct.

Judgment affirmed with costs assessed to Mrs. Lee, Administratrix.