CLEMENT SANTI, Administrator, v. THOMAS P. DUFFEY, Administrator.—290 S. W. (2d) 884.

Middle Section. February 24, 1956.

Petition for Certiorari denied by Supreme Court, June 8, 1956.

238

Robert L. Taylor, Memphis, and Denney, Leftwich & Glasgow, Nashville, for Clement Santi, administrator.

Hume, Howard, Davis & Boult, and John T. Conners, Jr., Nashville, for Thomas P. Duffey, administrator.

FELTS, J. This is an action for wrongful death of Mrs. Dale Santi. She and Father Angelo Augusto Lenzi were both killed when the automobile in which they were riding collided with a motor truck at a highway intersection in the suburbs of New Albany, Mississippi. This suit was brought by her administrator against his administrator for $250,000 damages for his alleged negligence causing her death.

The declaration alleged was that she was riding as a guest in the car which he was driving on Mississippi Highway No. 15, approaching its intersection with U. S. Highway No. 78, the latter being a through highway; that he disregarded the "Stop" signs on No. 15 and the red light over the intersection, drove the car into the intersection and against an oncoming motor truck, and thereby caused her death. He was charged with negligence in a number of particulars, both under the common law and under the statutes of Mississippi, which need not be here set out.

Defendant pleaded not guilty. The case was tried before the Trial Judge and a jury, and the jury returned a verdict for defendant. The judge approved the verdict and entered judgment thereon dismissing plaintiff's action.

Plaintiff appealed in error and has assigned a number of errors, through which he insists that the judgment below should be reversed and a new trial granted, because there was no evidence to support the verdict, and because there were a number of errors in the judge's charge which were so misleading and prejudicial that they deprived plaintiff of a fair trial.

It appears from the evidence that the accident happened at 4:15 P. M. October 29, 1953, at the intersection mentioned, in New Albany, Mississippi, which was about 75 miles from the place where the parties lived just outside the city limits of Memphis. Plaintiff and Mrs. Santi had been married and living together for 18 years, and had four children ranging from 17 to 11 years of age. They were Catholics and members of Father Lenzi's church, St. Paul's, where he had been their priest and pastor for many years.

Plaintiff was president of the Santi Ice Cream Co., a corporation owned by him and one of his cousins. The company owned a number of trucks and automobiles, including the automobile here involved, a 1953 Pontiac, which was usually kept at the Santi home and used by Mrs. Santi largely for her convenience and that of the family, such as taking the children to St. Paul's school, a nearby parochial school. Father Lenzi was principal of this school, and took great interest in its football team.

He was an old and close friend of the Santi family, serving as their priest and teaching their children at school. He would often take Mrs. Santi and the children to places fishing and picnicking, and the Santi Ice Cream Company often loaned him its trucks and automobiles, including the 1953 Pontiac, when he needed them for his own use and for the uses of his church or school; and the company's employees and Mrs. Santi were instructed to loan him its trucks and cars for such purposes.

The circumstances under which he was using this car on the afternoon of the accident were not developed in the evidence; but it was proved that he was driving the car, accompanied by Mrs. Santi. Mr. Santi did not know this until he was notified by telephone of the accident shortly after it occurred. While there was a suggestion of suspicion against them, there seems to have been little or no ground for it. So far as appears, Mrs. Santi was a faithful wife and good mother, and Father Lenzi was a strict man, of high morals, and lived, as became a priest, a life "above reproach".

In the view we take of the case, we need not further detail the evidence. It is enough to say that, in our opinion, the jury, under a proper charge, could reason-

ably have found that the evidence supported the averments of the declaration; that this car had been loaned to Father Lenzi for a purpose of his own, and Mrs. Santi was riding as a guest in the car driven by him; and that he negligently disregarded the "Stop" signs and the traffic light, drove into the intersection, crashed into the oncoming truck, and thereby caused the death of both of them.

Plaintiff assigns errors on a paragraph of the judge's charge, hereinafter quoted, and complains of the particular parts designated under the heads a, b, c, d, and e, which we have italicized for convenience:

"The Court instructs you that some negligence which was the proximate cause of the accident was committed by somebody. (a) *There is some question here as to who was driving the car.* The car had been, from time to time, furnished to the wife of Mr. Santi, by him, or his company or brother or cousin, rather, who was with him in the company. Anyhow, she had the use of it for personal purposes. (b) *She was driving the car, so far as the proof shows here, on this trip without the knowledge or consent of her husband, or anybody concerned with the corporation.* (c) *The presumption is, you might say, that she was the owner of the car under these circumstances.* (d) *The presumption is that she was driving the car. Of course that presumption is rebuttable. That is, it can be overturned by other competent evidence of facts from testimony. That is for you to say, Gentlemen, whether she was driving the car or not.* (e) *The presumption is against the evidence.* You are to conclude whether she was driving the car or not. Of course, if she was driving the car, that ends the law-

suit The verdict would be for the defendant. This defendant would not be liable, because whoever was driving the car was guilty of negligence, as I said, which caused the accident.''

The above statement: (a) ''There is some question here as to who was driving the car'', was incorrect in point of fact. The only proof on the point was the testimony of Coker, the only eye-witness to the accident, who said that he saw the car approaching the intersection; that a man was driving it and a lady was with him; and that after the impact he found a man—Father Lenzi—dead, sitting under the steering wheel with his foot on the brake, while the lady—Mrs. Santi—had been thrown out the right-hand door and was on the ground.

The same is true with respect to the above statement: (b) ''She was driving the car, so far as the proof shows here, on this trip without the knowledge or consent of her husband, or anybody concerned with the corporation.'' As stated, the only proof on the point is that she was *not* driving the car but Father Lenzi was driving it.

■ With respect to statement (c) : ''The presumption is, you might say, that she was the owner of the car under these circumstances'', the undisputed proof was that the company was the owner of the car and there was no presumption that she was the owner.

The statement: (d) ''The presumption is that she was driving the car * * *'', was likewise contrary to the proof that she was not driving the car.

■ The statement: (e) ''The presumption is against the evidence'', is likewise erroneous. Presumptions are raised to take the place of evidence, and disappear in the

presence of contrary evidence. Frank v. Wright, 140 Tenn. 535, 548, 205 S. W. 434.

Furthermore, statements (b), (c), and (d) would seem to infringe the constitutional provision, Art. 6, sec. 9, which forbids judges to charge juries with respect to matters of fact, or to tell them "what facts are proved". Ivey v. Hodges, 23 Tenn. 154, 155; Brenizer v. Nashville C. & St. L. Ry., 156 Tenn. 479, 483, 3 S. W. (2d) 1053, 8 S. W. (2d) 1099; Haskins v. Howard, 159 Tenn. 86, 97, 16 S. W. (2d) 20.

Plaintiff also complains of this portion of the Trial Judge's charge to the jury:

"If you find that she was not driving, she was a guest; and if you find from the evidence that the driver of the car was guilty of negligence which directly and proximately caused the accident, such negligence on his part would be attributable to or chargeable to the plaintiff, guest. You wouldn't say the plaintiff here, it would be the Administrator.

"Mr. Denney: I believe your Honor is reading the charge where—

"The Court: I have not gotten through with it yet. Then such negligence on the part of the driver would be attributable to or chargeable to the guest, the Deceased, provided at the time of the accident, and prior thereto, the plaintiff, guest, was aware of approaching danger, or by the exercise of reasonable or ordinary care on her part, should have been aware of it, and did not warn the driver of the danger".

This was affirmative and prejudicial error. The negligence of the driver is not attributable or chargeable

to the guest. The guest, of course, is chargeable with his own negligence or his failure to use due care for his safety; but it is altogether wrong and misleading to say that the driver's negligence is attributable to the guest. Gulf, M. & O. R. Co. v. Underwood, 182 Tenn. 467, 471, 187 S. W. (2d) 777; City of Nashville v. Brown, 25 Tenn. App. 340, 348-349, 157 S. W. (2d) 612; Morgan v. Tenn. Cent. Ry. Co., 31 Tenn. App. 409, 420, 216 S. W. (2d) 32.

■ It is true our Harmless Error Statute, Act 1911, 1932 Code sec. 10654, T. C. A. sec. 27-117, forbids us to reverse for any error unless it affirmatively appears that such error affected the results of the trial. Under the old rule, errors in jury trials were presumed to be prejudicial unless proven to be harmless; under this statute, such errors are presumed to be harmless unless shown to be prejudicial. Thomason v. Trentham, 178 Tenn. 37, 154 S. W. (2d) 792, 138 A. L. R. 461; Hime v. Sullivan, 188 Tenn. 605, 616, 221 S. W. (2d) 893; Shew v. Bailey, 37 Tenn. App. 40, 51, 52, 260 S. W. (2d) 362.

■ But where it does affirmatively appear that such an error affected the result, it is the Court's duty to reverse and remand. McClard v. Reid, 190 Tenn. 337, 229 S. W. (2d) 505; Tennessee Cent. R. Co. v. Morgan, 132 Tenn. 1, 175 S. W. 1148; Nashville Railway & Light Co. v. Dungey, 128 Tenn. 587, 163 S. W. 802; Martin v. Castner-Knott Dry Goods Co., 27 Tenn. App. 421, 431, 181 S. W. (2d) 638.

In the case before us, we think it does affirmatively appear that the errors above pointed out in the judge's charge did affect the result of the trial. Under the proof the jury could well have found that Mrs. Santi was a guest in the car and was killed by the driver's negligence.

But under the above instructions the jury were told that she was presumed to be the owner of the car, when in fact she was not, and that she was driving it, when the proof was that she was not. They were also told that she was chargeable not only with her own negligence but also with the driver's negligence.

Under these instructions, the jury were bound to render a verdict against the plaintiff if they found that Mrs. Santi was a guest in the car and was killed by the driver's negligence, as charged in the declaration. Such errors simply amounted to a misdirection of the jury, and deprived plaintiff of his constitutional right of trial by jury. Martin v. Castner-Knott Dry Goods Co., supra.

For these errors, the verdict of the jury is set aside, the judgment of the Circuit Court is reversed, and the case is remanded to that court for a new trial. The costs of the appeal are adjudged against defendant. Future costs will abide the outcome.

Hickerson and Shriver, JJ., concur.