WILLIAM EUGENE MONDAY, Plaintiff in Error, v. CARL REED, Defendant in Error. —341 S. W. (2d) 755.

Eastern Section. August 1, 1960.

Certiorari Denied by Supreme Court December 9 1960.

Hodges, Doughty & Carson, Knoxville, for plaintiff in error.

Ogle & Ogle, Sevierville, for defendant in error.

McAMIS, P. J.   Carl Reed brought this action against plaintiff in error William E. Monday and one James D. Mills to recover for personal injuries sustained by Reed when he fell from a ladder while assisting Mills in the erection of a motel sign on premises owned by Monday.

We consider in limine plaintiff's motion to strike the bill of exceptions on the ground that it shows on its face that it does not contain all of the evidence and to affirm because defendant failed to move for a new trial.   For reasons to be stated, both grounds of the motion are found without merit.

There appears over the signature of the trial judge in certifying the bill of exceptions the following:

"This was all the evidence offered and proceedings had upon the trial of this cause *except the defendant brought into court a moving picture projector and a screen by which and upon which the moving picture as represented by film filed here as Exhibit No. 4 was projected.*"

658

We have italicized the language relied upon as showing affirmatively that the bill of exceptions does not contain all of the evidence.

■ The bill of exceptions shows that the moving picture was introduced for the sole purpose of showing plaintiff engaging in physical labor which he claimed in his testimony he had been unable to do after he was injured. Since this evidence was wholly unrelated to the question of defendant's liability and there is no assignment that the amount of the judgment is excessive, the bill of exceptions shows affirmatively that it contains all of the evidence in any sense relevant to the questions raised on appeal. In such posture, a motion to strike, being without substance, should not be allowed to prevent a review on the merits. See Zanola v. Hall, 43 Tenn. App. 298, 307 S. W. (2d) 941.

The second ground of the motion, that defendant failed to file a motion for a new trial, is based upon the technical ground that defendant's motion following the verdict asked that the verdict be set aside and for a judgment sustaining his previous motion for a directed verdict rather than for a new trial.

■ Defendant was not asking for, and did not want another trial before another jury. The motion was to have the case dismissed on directed verdict. It would be technical indeed to hold that he is now deprived of his right of review because he failed to ask for something he did not want. A motion to set aside the verdict and direct a verdict heretofore has been regarded as tantamount to a motion for a new trial and sufficient for purposes of review. Life & Casualty Ins. Co. v. Bradley, 178 Tenn. 526, 160 S. W. (2d) 410; Fuson v. Cantrell, 25 Tenn. App. 608, 166 S. W. (2d) 405.

The declaration, as amended, is in two counts. Under the first count Monday and Mills were sued as partners doing business as Mills Sign Company. Since there was a directed verdict as to the first count, we need not consider whether there is material evidence to sustain that relationship.

Under the second count charging that, in fabricating and erecting the sign, Mills acted as the agent of Monday there was a verdict and judgment for $6,000 against both Monday and Mills from which Monday alone has appealed.

The theory of the second count of the declaration, under which the verdict was rendered, is that in erecting the sign Mills, acting as agent for defendant Monday, solicited the help of Reed Sign Company, a partnership composed of plaintiff and his brother, H. M. Reed; that, in the course of the work, plaintiff found it necessary to go on top of the sign to make certain alterations but did not have enough ladders for the purpose; that Mills, acting as agent for Monday, thereupon furnished a ladder which he knew or should have known was defective and dangerous and which was then used by plaintiff as an extension to enable him to climb to a height of some 30 feet; that when he did so one of the rungs of the ladder furnished by Mills broke causing him to fall to the ground and sustain the injuries for which he sued.

Plaintiff concedes that in doing the work Reed Sign Company was acting as an independent contractor.

In disposing of the assignment of error that the Court erred in not also directing a verdict on the second count of the declaration, we will assume that the evidence is sufficient to sustain a jury finding that the ladder was old

and somewhat decayed and that Mills was acting as agent for Monday, rather than as an independent contractor as Monday insists. Still, we think under the undisputed evidence there was no issue for the jury under the charge that Mills furnished plaintiff a defective ladder.

The proof shows that the ladder in question, at defendant's request, had been removed by Mills from Monday's Fifth Avenue Motel because it was marring the appearance of that motel. Mills, without any instruction from Monday, took it to the Chapman Highway Motel, also owned by Monday, where plaintiff later fell and was injured. Mills unloaded the ladder near the back fence where it remained for some period of time not shown and until plaintiff came on the premises of Chapman Highway Motel to assist Mills in completing the erection of the sign by putting on the top section. Mills had been unable to put the top section in place because he did not have adequate equipment including a boom for raising it over two iron posts extending vertically about 30 feet above ground.

There is no proof that Mills, whether or not acting as agent for Monday, agreed to furnish any of the equipment which Reed Sign Company would need to perform its contract. In fact, the reason for contracting with Reed Sign Company was the need for equipment which Mills did not have. We have been unable to find in the record any proof that Mills brought the ladder from the back of the lot to the scene of operations or suggested to plaintiff that he use it. Plaintiff's astute counsel fails to cite evidence connecting Mills with plaintiff's use of the ladder. Ebb King, an employee of the Reed Sign Company, testified as a witness for plaintiff but his testimony fails to show who brought the ladder from the back

of the lot to the job. Other employees who were present, including plaintiff's brother in law, were not used as witnesses. Monday, himself, was not present and there is no proof that he knew the ladder had been unloaded by Mills at the motel where the sign was being erected.

So, we have no proof that the contract with Reed Sign Company, an independent contractor, required Monday to furnish appliances or equipment and, as shown, every inference is to the contrary. Nor, as above shown, is there any proof that Monday, acting through Mills or otherwise, had anything to do with the use of the ladder by plaintiff. The most that could possibly be inferred is that Mills knew of its use by plaintiff. But, if so, the fact that it was old and somewhat decayed should have been as readily apparent to plaintiff as to Mills. There is, therefore, no showing that Mills' knowledge of the condition of the ladder was superior to that of plaintiff.

█ The rule exempting the employer from liability to the contractor and his employees under such circumstances was clearly stated in Davis v. Cam-Wyman Lumber Company, 126 Tenn. 578, 150 S. W. 545, 548, where it was said:

"We have found no case holding that the contractee is liable to the servant of the contractor for using an appliance belonging to the contractee which had been furnished to the contractor, not as a fulfillment of any obligation of the contract, but merely for the accommodation of the contractor. In such a case, the duty of inspection and repair is upon the contractor. This is especially true, in the absence of any averment that the contractee knew of the defect, or upon the exercise of due care should have known it."

Where the relationship is that of independent contractor, it is said:

"If the employer permits the contractor to use his tools and appliances, in the absence of an agreement by the employer to do so, the latter is not required to keep them in repair. In such a case, the employer's only obligation in reference to tools and appliances supplied is to exercise due care not to let the contractor have an appliance which is a nuisance, apparently defective, or likely to cause injury to third persons." 27 Am. Jur. 511.

At 57 C. J. S. Master and Servant, sec. 604, p. 376, it is said:

"A contractee is not liable for injuries to an employee of an independent contractor arising from a defective or unsafe appliance or instrumentality where he was not obligated by contract or statute to furnish the appliance or instrumentality and did not in fact assume to furnish it, even though the appliance belonged to him and was used with or without his consent."

■ Here, there is no proof that the ladder belonged to defendant, none that he was obligated to furnish it and none that he assumed to do so. The ladder bore evidence of such defective condition as existed, namely, that of age and exposure to weather. This was as obvious to plaintiff as to defendant's agent Mills. Under the authorities cited the duty of inspection was upon plaintiff —not upon defendant. We must hold, therefore, that the learned circuit judge was in error in not directing a verdict for defendant. The suit is, accordingly, dismissed at plaintiff's cost.

Hale, J., and Joe W. Worley, Special Judge, concur.