C. H. DEARMAN, EXECUTOR OF THE ESTATE OF RICHARD SHAW BROWN v. LULA RUMPLE BRUNS, WIDOW, IDIVIDUALLY AND AS EXECUTRIX OF MINNIE RUMPLE BROWN; LENA RUMPLE LITTLE, WIDOW; MARGARET RUMPLE TRAMMWELL, DIVORCED; A. L. (BILL) RUMPLE AND WIFE, GLADYS RUMPLE; AND WILLIAM M. PRESSLY, WILLDRED M. POPE, DAVID W. SIDES, TRUSTEES OF NEW STERLING ARP CHURCH, PAULINE HEDRICK KATES AND HAMILTON BROWN

No. 7122SC246

(Filed 23 June 1971)

1. Tenants in Common § 1; Husband and Wife § 14; Wills § 53— devise to husband and wife — creation of cotenancy

A devise that the testator's daughter and her husband are "to share equally" in a 42-acre tract creates a tenancy in common between the daughter and her husband, not an estate by the entireties.

2. Wills § 28— construction of will

The cardinal principle in the construction of a will is to give effect to the intent of the testator as it appears from the language used in the will.

3. Wills § 28— intent of testator

Intent of the testator is to be gathered from the four corners of the will.

APPEAL by plaintiff and defendants William M. Pressly, Willdred M. Pope, David W. Sides, Trustees of New Sterling ARP Church, from *Exum, Judge,* 16 November 1970 Session of IREDELL County Superior Court.

Plaintiff, as Executor of the Estate of Richard Shaw Brown, brought this action under the provisions of Chapter I, Article 26 of the North Carolina General Statutes, entitled "Declaratory Judgments," seeking a construction of the Will of E. A. Rumple, deceased of Iredell County. All parties stipulated that the case would be tried on an agreed statement of facts including:

"All parties to this action, by and through their attorneys, further agree that the only question of law before the Court is as follows, to wit: whether the terms of the will of E. A. Rumple created an estate by the entirety between Minnie Rumple Brown and her husband, Richard Shaw Brown, or whether those terms created a tenancy

in common between Minnie Rumple Brown and her husband, Richard Shaw Brown."

The trial judge, upon consideration of the agreed statement of facts and the arguments and briefs of the parties, ruled that the Will of E. A. Rumple created an estate as tenants in common between Minnie Rumple Brown and her husband, Richard Shaw Brown. From a judgment decreeing that the Estate of Richard Shaw Brown and the Estate of Minnie Rumple Brown each owns a one-half undivided interest in the 42 acres mentioned in the will, plaintiff and defendants, beneficiaries under the Will of Richard Shaw Brown, appeal to this Court.

*William P. Pope for plaintiff appellant.*

*Collier, Harris & Homesley by Richard M. Pearman, Jr., for defendant appellants.*

*Sowers, Avery & Crosswhite by W. E. Crosswhite for defendant appellees.*

CAMPBELL, Judge.

[1]   The sole question presented on this appeal is whether the terms of the Will of E. A. Rumple, deceased, created an estate by the entireties between Minnie Rumple Brown and her husband, Richard Shaw Brown, or whether the terms created a tenancy in common between Minnie Rumple Brown and Richard Shaw Brown.

[2, 3]   It is well settled that the cardinal principle in the construction of a will is to give effect to the intent of the testator as it appears from the language used in the instrument itself. The intent is to be gathered from a consideration of the will from its four corners and such intent should be given effect insofar as that can be done within the limits of rules of law fixed by statute or by decisions of the Courts. *Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301 (1970) ; *McCain v. Womble,* 265 N.C. 640, 144 S.E. 2d 857 (1965).

[1]   Here, E. A. Rumple, deceased, devised the land in question "[t]o my daughter Minnie and Shaw Brown Forty (42) two acres including the [*sic*] my residence and out buildings. . . . My daughter Minnie and Shaw Brown is to bear all my expenses— such as doctor bills and funeral expenses and they are to share

equally in the 42 acre tract above mentioned." A conveyance of land to husband and wife, nothing else appearing, creates an estate by the entireties, with right of survivorship. *Freeze v. Congleton*, 276 N.C. 178, 171 S.E. 2d 424 (1970). But here, the testator indicated a desire that his daughter and her husband "share equally" in the land.

A husband and wife do not "share equally" in an estate by the entireties. The husband has the exclusive right during coveture to possession, control, and use of the land. He has the absolute right to income from such property, including rents and profits. *Board of Architecture v. Lee*, 264 N.C. 602, 142 S.E. 2d 643 (1965); *Freeze v. Congleton, supra.* Execution against the husband can be levied on rents and profits to the exclusion of any claim of the wife. *Lewis v. Pate*, 212 N.C. 253, 193 S.E. 20 (1937). See also *Gas Co. v. Leggett*, 273 N.C. 547, 161 S.E. 2d 23 (1968). It is possible that a wife might receive no benefits at all from land held by the entireties if she predeceases her husband, for upon the death of one spouse, title to lands held by the entireties vests in the survivor, and no right, title, or interest of any kind passes to the estate of the deceased. *Underwood v. Ward*, 239 N.C. 513, 80 S.E. 2d 267 (1954).

If a tenancy in common is created, the cotenants do "share equally" in the land. The possession of one tenant in common is the possession of the other and each has a right to enter upon the land and enjoy it jointly with the other. If one cotenant commits an act amounting to waste or destruction of the property, the other cotenant has a right to recover of him. *Jones v. McBee*, 222 N.C. 152, 22 S.E. 2d 226 (1942). Each cotenant is entitled to his share of the rents and profits, and one cotenant is entitled to an accounting for rents collected by the other cotenant. *Hunt v. Hunt and Lucas v. Hunt*, 261 N.C. 437, 135 S.E. 2d 195 (1964).

The phrase "to share equally" is inconsistent with an intention to create an estate by the entireties. We are of the opinion that the phrase indicated a desire on the part of the testator to create a tenancy in common between Minnie Rumple Brown and Richard Shaw Brown. To hold that the will, considered from its four corners, created an estate in the entirety with the inclusion of the words "to share equally" would render that phrase meaningless and surplusage. But considering that phrase along with the rest of the devise, the intention of the

---

Maness v. Bullins

---

testator becomes reasonably clear. See *Faulkner v. Ramsey,* 178 Tenn. 370, 158 S.W. 2d 710 (1942).

The trial judge reached the correct result and the judgment appealed from is

Affirmed.

Judges BRITT and GRAHAM concur.