IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 25, 2012 Session

## METROPOLITAN DEVELOPMENT and HOUSING AGENCY v. TOWER MUSIC CITY II, LLC, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C3636      Joseph P. Binkley, Jr., Judge**

**No. M2012-00108-COA-R3-CV - Filed April 30, 2013**

FRANK G. CLEMENT, JR., J., concurring.

I write separately to address two issues. The first pertains to jury instruction T.P.I. 11.15 and the failure to give a curative instruction when requested by the jury.

The majority concluded that "T.P.I. 11.15 correctly charges the jury that value is to be determined from the opinions of witnesses and other evidence bearing on value and that, in its deliberations, the jury is to determine the weight to be given to each opinion and to consider the factual basis of the opinion." I agree, to a point, that the instruction is "correct" but I submit it is ambiguous and confusing. I am of the opinion that the jury was confused by the wording of T.P.I. 11.15; which is evident from the jury's question: "Does the fair market value have to be the exact amount of one of the appraisers or can it be any amount between the highest and lowest amount appraised?" I submit T.P.I. 11.15 should be revised to make certain that future juries are not confused. As we explained in *Grissom v. Metropolitan Government of Nashville, Davidson County*, 817 S.W.2d 679, 685 (Tenn. Ct. App. 1991):

> The trial court is the jury's sole source for the legal principles to guide their deliberations. *State ex rel. Myers v. Brown*, 351 S.W.2d 385, 388 (Tenn. 1961). Thus, trial courts must give accurate instructions with respect to the parties' respective theories, *Street v. Calvert*, 541 S.W.2d 576, 584 (Tenn. 1976), and must frame the instructions in plain words that average jurors will understand. *Gross v. Nashville Gas Co.*, 608 S.W.2d 860, 872 (Tenn. Ct. App. 1980); *Martin v. CastnerKnott Dry Goods Co.*, 181 S.W.2d 638, 642 (Tenn. Ct. App. 1944).

Therefore, I submit, instead of instructing the jury: "You may not find the market value of the property . . . if any, to be less than or more than that testified to by any witness," T.P.I. 11.15 should provide, in pertinent part:

> You may not find the market value of the property to be less than or more than that testified to by any witness, although you may find the market value of the property to be between the lowest and highest values testified to by any witness.

The foregoing notwithstanding, I concur with the majority's ruling that the instruction and the decision to not give a curative instruction do not constitute reversible error in this case because the appellant waived the issue at trial. This is due to the fact the appellant did not object to the T.P.I. 11.15 instruction at trial and the appellant expressly agreed that no curative instruction should be given.

The second issue I wish to address pertains to the trial judge's duty as the thirteenth juror. I respectfully submit the judge's repeated statements that the applicable standard was whether he "reasonably disagreed" with the jury, standing alone, may have constituted reversible error. Nevertheless, I have concluded that the judge cured the possible error with the statement that followed: "And I do not find that the evidence preponderates against the verdict. I approve the verdict."

This is consistent with the Tennessee Supreme Court's ruling in *Turner v. Jordan*, 957 S.W.2d 815 (Tenn. 1997), that: "As the thirteenth juror, the trial court must grant a new trial if the verdict is contrary to the weight of evidence." *Id.* at 823 (citing Tenn. R. Civ. P. 59.06). Further, if the trial court makes comments in fulfilling its role as the thirteenth juror, we are to examine the comments, but "only for the purpose of determining whether the trial court properly reviewed the evidence, and was satisfied or dissatisfied with the verdict." *Miller v. Doe*, 873 S.W.2d 346, 347 (Tenn. Ct. App. 1993).

> While the Trial Judge's statement concerning his normal inclination as to when to intervene or not to intervene with a jury's decision is troublesome, it is not what is at issue. What is at issue is what did the Trial Judge do in this case, not what his usual inclination is or is not.

> This Court's role is to examine all the comments of the Trial Judge to determine whether he properly reviewed the evidence and was satisfied or dissatisfied with the verdict. *Miller* at 347. The Trial Judge's later specific statement that he had made an independent examination of the evidence presented and concluded that it preponderated in favor of the verdict states

what was required of him as the thirteenth juror. Taken as a whole, the Trial Judge's remarks do not show that he misconstrued his duty as the thirteenth juror, but instead show that he fulfilled that duty. The Trial Judge's comments, all of them taken together, clearly show that the Trial Judge did weigh the evidence independently, pass upon the issues, and decide that the verdict was supported by the evidence, all as required of him to satisfy his obligations as the thirteenth juror. *See Ladd v. Honda Motor Co. LTD*. 939 S.W.2d 83, 105 (Tenn. Ct. App. 1996).

*Jones v. Pearl*, No. 01A01-9901-CV-00019, 1999 WL 722658, at \*3 (Tenn. Ct. App. Sep. 17, 1999).

For the above reasons, I concur with the majority that the trial judge's comments, all of them taken together, do not constitute reversible error.

_____<br>
FRANK G. CLEMENT, JR., JUDGE