MRS. MARGARET SKINNER DAVIS v. M. B. BLANKENSHIP AND BEN M. BLANKENSHIP AND OTHERS, T/DBA BLANKENSHIP BROTHERS, AND OTIS GOODING, ORIGINAL DEFENDANTS, AND EDWARD C. DAVIS, JR., ADDITIONAL DEFENDANT.

(Filed 21 March, 1956.)

APPEAL by the original defendants from *Campbell, J.,* November Term, 1955, of MECKLENBURG.

This is a civil action instituted on 13 October, 1954, by Mrs. Margaret Skinner Davis against M. B. Blankenship and Ben M. Blankenship, partners, trading and doing business as Blankenship Brothers, and Otis

Gooding, to recover damages for injuries sustained in a truck collision on 12 April, 1954, at the intersection of Independence Boulevard, Eastway Drive and Commonwealth Avenue in the City of Charlotte, resulting from the alleged negligence of the original defendants.

At the time of the accident the plaintiff was riding in a pick-up truck owned and driven by her son, Edward C. Davis, Jr., which had been traveling in an easterly direction on Independence Boulevard and was making a left turn in a northerly direction at the aforesaid intersection. The tractor-trailer of the original defendants was traveling west on Independence Boulevard.

The original defendants filed an answer denying negligence, pleading contributory negligence and setting up a cross-action against the additional defendant, Edward C. Davis, Jr., who was made an additional party defendant.

The additional defendant filed answer to the cross-action of the original defendants, denying any negligence on his part.

Otis Gooding, one of the original defendants, died intestate in Mecklenburg County after answer was filed by him and before the trial of the cause. His administrator, Thomas G. Lane, Jr., was duly made a party defendant and adopted as his answer the answer filed by Otis Gooding.

The jury answered the first issue as to the negligence of the original defendants in the affirmative, and the second issue as to the negligence of the additional defendant in the negative; and assessed damages.

From the judgment entered on the verdict the original defendants appeal, assigning error.

*Helms & Mulliss, William H. Bobbitt, Jr., and John D. Hicks for original defendants.*

*Kennedy, Kennedy & Hickman for additional defendant.*

PER CURIAM. A careful consideration of the exceptions and assignments of error brought forward and discussed in the appellants' brief leads us to the conclusion that no error sufficiently prejudicial to justify a new trial has been shown. Hence, in the trial below we find

No error.